## In re ABRAHAMSEN.[*]
### Patent Appeal No. 3212.

Court of Customs and Patent Appeals.
Feb. 12, 1934.

See, also, 56 F.(2d) 871.

C. A. Weed, of New York City, for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

BLAND, Associate Judge.

Appellant has appealed from the decision of the Board of Appeals of the United States Patent Office, affirming that of the

*Rehearing denied March 19, 1934.

Examiner, rejecting all of the claims, eighteen in number, in appellant's application for patent on an alleged invention which relates to a scraper for scraping wood moulding. Claims 1 and 8 are illustrative of all the claims and follow:

"1. A scraper constructed for scraping wood mouldings comprising a shallow trough-shaped blade shaped to conform to the shape of the moulding to be scraped the depth of the trough not substantially exceeding twice the thickness of the blade and having all of its cutting edges located in the same plane whereby it can be expeditiously and uniformly sharpened cross-wise of the edges by the application of a flat sharpening medium thereto, and a handle attached to the outer side of the blade."

"8. A scraper constructed for scraping wood mouldings comprising a hollow or trough-shaped blade shaped to conform to the shape of the moulding to be scraped and having all of its cutting edges located in the same plane whereby it can be expeditiously and uniformly sharpened cross-wise of the edges by the application of a flat sharpening medium thereto, and a handle attached to the outer side of the hollow blade, said blade having segmentally-shaped spaced end edges united by a pair of straight edges."

The references relied on are: Bond, 99,-821, February 15, 1870; Rewrick et al., 231,-850, August 31, 1880; Cline, 272,649, February 20, 1883; Agan, 407,562, July 23, 1889; Nittinger, 478,810, July 12, 1892; Ingelson, 1,425,260, August 8, 1922; Muller, 1,469,237, October 2, 1923; Keighley (Brit.), 19,033, August 28, 1896.

The claims of appellant's application are drawn to cover scrapers specially designed for use in scraping wood moulding, and the drawings illustrate several shapes and forms in which the scraper may be made to fit a particular kind of moulding or certain parts of the same. The blades are slightly dished or cup-shaped, and their cutting edges lie in a plane so that they may be sharpened by holding the edges all at one time in contact with a rotary grinding wheel or by passing a sharpening instrument across the same. All are mounted so that the convex or dished side is away from the handle. By reason of this construction, the handle does not interfere with the sharpening process.

The Board of Appeals discussed only the references Nittinger, Agan, Rewrick et al., and Cline. It referred to the remaining references as being not particularly pertinent as to the generic features of the invention, and stated that Cline was regarded as pertinent with respect to the specific shape and size involved.

The Nittinger patent is styled a hog scraper and claw hook. The Board said that, while the scraper in Nittinger is not designed for the particular purpose for which applicant uses his scraper, it is capable of such use, providing the moulding to be operated upon is of considerable size. The blade of the Nittinger scraper is dished, and its position on the handle is the same as in appellant's device. The cutting edge of the Nittinger device lies in a single plane throughout, and, while nothing is said in the patent about sharpening the scraper, the Board said it seemed obvious that sharpening could be effected by passing a tool across the edges in order to treat all of them at one time. Attention is here called to the fact that applicant, in some of the claims, defines the degree of the dishing of his blade by stating that it does not substantially exceed twice the thickness of the metal from which the scraper is formed. The Board pointed out that the degree of curvature shown in applicant's device is substantially that shown in the Nittinger patent. On this feature of the case the Board concluded that the difference in the size of the depression between Nittinger and the applicant was due primarily to the difference in the size of the respective scrapers.

Agan is a patent somewhat similar to Nittinger in so far as the cutting edges of all parts of the blade lie in a single plane, and the handle is attached to the convex side. Agan, however, shows a blade having both a convex and a concave cutting surface designed for use on differently shaped portions of the hog to be scraped.

The Rewrick et al. patent is for a scraper having a dished blade in the form of a triangle; the handle being fastened on the concave side of the blade. The cutting edges of the blade, however, lie in the same plane, and Rewrick et al. emphasizes the facility with which the same may be sharpened, and that it is possible that the handle be removed and the blade be sharpened. The Board regarded this reference as interesting and pertinent mainly by reason of the fact that, in event the method of sharpening the blades in Nittinger and Agan was not obvious from the disclosures, Rewrick et al. is a sufficient disclosure of that feature which is emphasized by the applicant here.

The Cline patent shows a scraping blade having a shape or contour substantially that

shown in appellant's figure 2. It seems that Cline is cited for the purpose of showing that to shape a blade of a scraper to fit the article it is to be used upon is not new.

The Board, without discussing the claims in detail, held that the views of the Examiner as to each of the claims were sound.

■■ Appellant, in an elaborate and carefully prepared brief, has discussed each feature of his case with much earnestness, and has cited in his brief numerous authorities chiefly on the test of invention. He has cited and quoted from the leading cases which adopt a liberal view with reference to resolving doubts in favor of applicants, and as to what degree of modification over the prior art may amount to invention. Appellant argues that, since his scraper is an improvement over the scrapers of the prior art, and since many of the references cited are in nonanalogous arts, he is entitled to a patent, under the authorities cited.

His main contention, however, is directed to those claims which confine the trough of the blade to a depth not substantially exceeding twice the thickness of the blade. He urges that there is nothing in the prior art which suggests the importance of this particular structure, that the depth of the trough recited in the claims is absolutely essential if the scraper is to withstand the strain of the hard scraping it is required to do, and that the cup-shaped feature of Nittinger's hog scraper was not intended to withstand heavy strains, and that neither Nittinger nor any other reference cited taught what appellant here teaches.

This particular phase of appellant's argument would be quite persuasive were it not for the fact that it is well settled in patent law that an inventor is entitled to all the uses to which his invention may be put. This court so held in Re Abrahamsen, 56 F.(2d) 871, 19 C. C. P. A. 1056, citing In re Smith, 36 F.(2d) 302, 17 C. C. P. A. 644. While appellant has argued that the Board was in error in holding that the degree of the curvature in appellant's blade is substantially that of the Nittinger patent, it is not shown in this case that the degree of curvature in appellant's device is critical or is such as would be regarded as embodying invention.

Appellant has devoted considerable space in his brief in urging that some of the references relied upon by the Board are in nonanalogous arts. This phase of the case was before the court in the case of In re Abrahamsen, supra, and the court there pointed out this court's holding in Re Voorhees, 40

F.(2d) 773, 17 C. C. P. A. 1162, where it was held that a patent upon a can cover might be cited as a reference against an application for patent upon a can for flash-lights. This court also, in the Abrahamsen Case, supra, cited the case of Braren v. Horner, 47 F.(2d) 358, 18 C. C. P. A. 971, on the effect to be given to introductory statements in claims.

The decision of the Board of Appeals, affirming that of the Examiner, is affirmed.

Affirmed.