NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 14, 2015[*]
Decided April 14, 2015

**Before**

RICHARD A. POSNER, *Circuit Judge*

JOEL M. FLAUM, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

No. 14-2715

| | |
|---|---|
| JEREMY COOPER,<br> *Plaintiff-Appellant*, | Appeal from the United States District<br>Court for the Southern District of Illinois. |
| *v.* | No. 13-cv-0730-MJR-SCW |
| JAMES CHANDLER and<br>JAMES CHEATHAM,<br> *Defendants-Appellees*. | Michael J. Reagan,<br>*Chief Judge*. |

**O R D E R**

Jeremy Cooper, an Illinois prisoner, brought this suit under 42 U.S.C. § 1983 against two prison officers, who, he asserted, used excessive force against him in violation of the Eighth Amendment. The officers moved for summary judgment on grounds that Cooper failed to exhaust administrative remedies, *see* 42 U.S.C. § 1997e(a),

---

[*] After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2)(C).

and the district court granted that motion after conducting an evidentiary hearing, *see Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008). Because Cooper has not supplied a transcript of that hearing, we cannot meaningfully review the district court's ruling and thus dismiss the appeal.

Cooper alleged that Officer James Chandler "threw" him into a steel sink located in the back of his cell, injuring his wrist and leg, and then Officer James Cheatham punched him in the neck. At summary judgment the officers argued that Cooper had not exhausted his administrative remedies because he did not try to resolve the issue informally with his counselor before submitting a formal grievance, as required by Illinois grievance procedures. Cooper countered that administrators did not reply to numerous grievances that he submitted. A *Pavey* hearing was convened to resolve the fact dispute, after which the district judge discredited Cooper's testimony and ruled in favor of the defendants. When Cooper then filed a notice of appeal, the deputy clerk of the district court informed him that he must request transcripts needed for appellate review within 14 days. Cooper apparently did nothing.

On appeal Cooper challenges the district court's ruling, and maintains that administrative remedies were effectively unavailable to him because the prison ignored his attempts to properly complain about the assault. But we are unable to review the court's decision because Cooper never provided a transcript of the *Pavey* hearing. Federal Rule of Appellate Procedure 10(b)(2) states that appellants who seek to challenge a finding as unsupported by, or contrary to, the evidence, "must include in the record a transcript of all evidence relevant to that finding." FED. R. APP. P. 10(b)(2). By failing to supply us with a transcript of the *Pavey* hearing, Cooper has forfeited any challenge to the district court's ruling. *See Morisch v. United States*, 653 F.3d 522, 529 (7th Cir. 2011); *Gramercy Mills, Inc. v. Wolens*, 63 F.3d 569, 573–74 (7th Cir. 1995); *Syncom Capital Corp. v. Wade*, 924 F.2d 167, 169 (9th Cir. 1991); *Richardson v. Henry*, 902 F.2d 414, 415–16 (5th Cir. 1990). And we will not give him additional time to secure the transcript because he has already been notified about his obligation to order one. *See RK Co. v. See*, 622 F.3d 846, 853 (7th Cir. 2010); *Learning Curve Toys, Inc. v. Playwood Toys, Inc.*, 342 F.3d 714, 731 n.10 (7th Cir. 2003).

Cooper insists, nevertheless, that the limited record before us provides sufficient information to conclude that the district court's credibility finding was clearly erroneous. He points to an entry in his "Cumulative Counseling Summary," which, he says, contradicts testimony given by prison employees that he did not informally grieve the attack by Officers Chandler and Cheatham. But the conclusion Cooper asks us to

reach is not obvious from the face of the counseling summary. Without reviewing what was actually said at the hearing about the meaning of that entry in the summary, we cannot meaningfully determine whether the district court's findings were implausible. *See RK Co.*, 622 F.3d at 853; *Smith v. United States*, 293 F.3d 984, 987 (7th Cir. 2002).

Accordingly, the appeal is DISMISSED.