IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-50807
Summary Calendar

_____

EARNEST RAY SIRLS,

Plaintiff-Appellant,

versus

DAYTON J. POPPELL, Warden; BERNEY KESZLER, Doctor;
J. GIL; ROCHELLE MCKINNEY, RN; WAYNE SCOTT,
Director, Texas Department of Criminal Division,
Institutional Division; RUBY DARLA; JAMES HEYEN;
PATTI ZAROSKY, RN; ARLENE ZMESKAL; EARNESTINE
CARROLL; ELISA BETTALE; LINDA MATHIS; KATI
RODRIGUEZ,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. SA-97-CV-1448
--------------------
April 7, 2000

Before JOLLY, JONES and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Earnest Ray Sirls, Texas prisoner # 579081, has filed an

application for leave to proceed *in forma pauperis* (IFP) on

appeal, following the district court's grant of summary judgment

in favor of the defendants.  By moving for IFP, Sirls is

challenging the district court's certification that IFP status

should not be granted on appeal because his appeal is not taken

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

in good faith.  See Baugh v. Taylor, 117 F.3d 197, 202 (5th Cir. 1997).

Sirls contends that the district court erroneously failed to consider his allegations that the defendants refused to treat him for asthma in order to retaliate against him.  This assertion is incorrect.  The district court noted that Sirls was alleging a retaliation claim, but found that the prison medical staff removed Sirls from the Chronic Care Clinic (CCC) for his asthma condition after tests showed Sirls to be asymptomatic.  This finding is an implicit denial of Sirls's assertion that the motivation was retaliation.

Sirls maintains that the court erred in admitting the affidavit of a defense expert, which expressed concern that Sirls could have been trafficking or abusing his asthma medication. Sirls has provided no reason why the affidavit was not valid, and the expert's findings were supported by Sirls's medical records. Sirls maintains that the defendants lied and "fixed" the medical records to show a lack of asthma symptoms.  These unsubstantiated allegations are insufficient to withstand a motion for summary judgment.  See Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994)(en banc).

Sirls contends that the court erred in applying Estelle v. Gamble, 429 U.S. 97, 106 (1976), to his case.  This issue is frivolous.  The district court properly set forth the standard for determining deliberate indifference to medical needs, as articulated in Estelle.

Sirls maintains that the district court abused its discretion by not compelling the defendants to answer his second discovery requests. Discovery matters are entrusted to the sound discretion of the district court. Richardson v. Henry, 902 F.2d 414, 417 (5th Cir. 1990). The court denied the motion because Sirls sent the defendants his requests for interrogatories and admissions in an untimely manner and because he violated the local rules by not attaching a copy of his discovery requests to his motion to compel. Sirls has not shown that the district court abused its discretion with this denial.

Sirls contends that the district court erred in adopting the defendants' version of the facts, despite the existence of conflicting stories. This contention is frivolous. Although Sirls's factual statements varied from those of the defendants, his claims were unsubstantiated and conclusional, which will not withstand a challenge from competent summary-judgment evidence. Little, 37 F.3d at 1075. Sirls has not shown error by the district court.

Sirls also contends that the district court violated his rights by considering copies of the prison medical records. The records were properly authenticated by an affidavit of the records technician. See Fed. R. Civ. P. 41(a)(1). Sirls has not shown that the district court erred in considering these records.

Sirls's appeal is without arguable merit and is thus frivolous. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). Accordingly, we uphold the district court's order certifying that the appeal is not taken in good faith and denying

Sirls IFP status on appeal, we deny the motion for leave to appeal IFP, and we DISMISS Sirls's appeal as frivolous.  See Baugh, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.

Sirls has also filed a request to supplement his IFP brief. He has added an argument asserting that his right to be treated for his asthma within the CCC is protected under the Americans with Disabilities Act and the Rehabilitation Act of 1973.  This court would be unable to review the merits of these claims. Sirls never raised these theories of recovery in the district court, so the district court never had an opportunity to err. See Leverette v. Louisville Ladder Co., 183 F.3d 339, 342 (5th Cir. 1999), cert. denied, 120 S. Ct. 982 (2000).  As a result, Sirls's motion to supplement is DENIED.

APPEAL DISMISSED; MOTION TO SUPPLEMENT DENIED.