William C. **RICHARDSON,**
Plaintiff–Appellant,

v.

Mike **HENRY, et al.,**
Defendants–Appellees.

No. 89–4392
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

June 6, 1990.

William C. Richardson, pro se.

Henry M. Bernstein, Nelson & Achee, Shreveport, La., for defendants-appellees.

Before GEE, WILLIAMS, and DUHÉ, Circuit Judges.

DUHÉ, Circuit Judge:

William C. Richardson is an inmate of the Louisiana Department of Corrections and brought this civil rights action in forma pauperis against a Shreveport, Louisiana police officer, the former chief of police, and the mayor. He alleged that he was illegally detained, battered, falsely arrested, and that his rights to freedom of speech, assembly, and association were unconstitutionally denied him. Following a bench trial the district court rendered judgment for defendants on all issues. Richardson appealed and moved the district court for a transcript of the trial at the government's expense. The district court denied the motion, finding that the case did not present a substantial question and was frivolous. The district court did not, however, revoke appellant's status as a pauper.

Appellant filed a similar motion with this Court which we denied without prejudice for failure to give sufficient information on which we could determine whether the issues were frivolous and whether a transcript was necessary for the resolution of those issues. Appellant did not renew his motion with appropriate information, nor did he appeal the district court's denial of his motion.

Finding no error, we affirm.

Appellant argues that the evidence does not support the district court's factual findings. Rule 10(b)(2) of the rules of appellate procedure requires an appellant who contends that a finding or conclusion is unsupported by the evidence to include in the appellate record a transcript of all evidence relevant to that finding or conclusion. Appellant has failed to include in the record a transcript of the testimony which constitutes most of the evidence in this

case. He contends that since his motions for a transcript at the government's expense were denied, the transcript is unavailable to him within the meaning of Fed. R.App.P. 10(c). While we have not passed on the issue before, the United States Court of Appeals for the Ninth Circuit has ruled that inability to bear the financial burden of providing a transcript does not make the transcript unavailable within the meaning of Rule 10(c). *Thomas v. Computax Corp.*, 631 F.2d 139, 142 (9th Cir.1980). We are persuaded by that decision. The rule and its predecessor have been restricted to instances of physical unobtainability. *See, e.g., Kayo Oil Co. v. Sammons*, 321 F.2d 729 (5th Cir.1963).

Appellant could have reurged his motion for a transcript with this court and provided the information necessary to make an informed decision. He has not done this. Consequently the merits of his motion have not been considered by this Court. Had he done so his motion may have been granted. The transcript is not, therefore, unavailable.

■ The failure of an appellant to provide a transcript is a proper ground for dismissal of the appeal. *Coats v. Pierre*, 890 F.2d 728, 731 (5th Cir.1989); *Thomas*, 631 F.2d 139 (9th Cir.1980). Accordingly, the appeal as to the sufficiency of the evidence will be dismissed.

■ Appellant next contends that the district court erred in refusing to admit into evidence the unsworn statements of several witnesses. He relies upon Fed.R. Evid. 402, 613, 801 and 804. However, his failure to provide this court with a transcript precludes us from determining whether he made appropriate objections to the district court's evidentiary rulings. Theories of admissibility under specific rules of evidence are waived by failure to present the theory to the district court. *United States v. McDonald*, 837 F.2d 1287, 1290–91 (5th Cir.1988); *United States v. Williams*, 809 F.2d 1072, 1083 (5th Cir.), *cert. denied*, 484 U.S. 896, 108 S.Ct. 228, 229, 98 L.Ed.2d 187 (1987). For lack of a transcript we are unable to make the neces-

sary determinations. Therefore, the appeal will be dismissed as to this issue as well.

■ Next, appellant contends that the district court abused its discretion by denying his late request for a jury trial. Rule 38(b) of the rules of civil procedure entitles a party to a jury trial on any issue triable by jury if a demand therefor is served not later than ten days after the service of the last pleading directed to that issue. As a reason for his late request appellant contended that he was unaware of the requirement of Rule 38(b). The district court allowed appellant to amend his complaint but noted that the new allegations merely asserted additional theories of recovery based on the same facts. The district court then correctly determined that the amended complaint did not entitle appellant to make a jury demand of right. *Fredieu v. Rowan Companies, Inc.*, 738 F.2d 651, 653 (5th Cir.1984).

■ A party may be relieved of the Rule 38(b) requirement upon motion and at the discretion of the court pursuant to Fed. R.Civ.P. 39(b). *Fredieu*, 738 F.2d at 653. However, appellant did not file a Rule 39(b) motion. The district court nevertheless considered the matter and ruled that to excuse the failure to timely request a jury trial because of appellant's pro se status and to grant a jury trial at that time would upset the scheduled trial date. Disruption of the court's docket is a strong and compelling reason to deny an untimely request for a jury trial. *Lewis v. Thigpen*, 767 F.2d 252 at 260 n. 12 (5th Cir.1985).

Two months later the previously set trial date was continued. Appellant did not then renew his request for a jury. He later filed another motion to amend his complaint to add new parties, but made no request for a jury trial at that time. Under these circumstances, it was not an abuse of discretion for the district court to deny a jury trial. *See Jones v. Birdsong*, 679 F.2d 24, 25–26 (5th Cir.1982), *cert. denied*, 459 U.S. 1202, 103 S.Ct. 1186, 75 L.Ed.2d 433 (1983).

Next, appellant contends that the district court erred in denying his request for deposition subpoenas of the police officer and

an eye-witness, and in allowing the filing of a pretrial stipulation after the deadline provided by the local rules. Defendants had previously been granted relief from appellant's excessive discovery requests. He had filed seven sets of interrogatories, requests for production of documents, and requests for admissions. Defendants were required to respond to some of the discovery and granted a protective order as to the remainder.

Discovery matters are entrusted to the district court's sound discretion. *Jerry Parks Equipment Co. v. Southeast Equipment Co. Inc.*, 817 F.2d 340, 342 (5th Cir. 1987). No abuse of discretion has been shown.

■ Finally, appellant insists that it was error for the district court not to appoint counsel to represent him. Counsel will be appointed in civil cases only in exceptional circumstances. *See Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir.1982). Among the factors considered when deciding whether counsel should be appointed are the complexities of the issues and whether the party is capable of representing himself. *Id.* at 213. The pleadings and briefs demonstrate that the issues in this case are not complex and that appellant was capable of representing himself. No abuse of discretion is shown.

Appeal DISMISSED IN PART and judgment of the district court AFFIRMED.