USCA1 Opinion

 

 March 23, 1994 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ___________________ No. 93-1821 CARLTON B. GIBBS, Plaintiff, Appellant, v. CITY OF BOSTON, Defendant, Appellee. __________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Rya W. Zobel, U.S. District Judge] ___________________ ___________________ Before Breyer, Chief Judge, ___________ Selya and Cyr, Circuit Judges. ______________ ___________________ Carlton B. Gibbs on brief pro se. ________________ Albert W. Wallis, Corporation Counsel, and Kevin S. ___________________ _________ McDermott, Assistant Corporation Counsel, on brief for appellee. _________ __________________ __________________ Per Curiam. 1. plaintiff asks this court "to __________ substitute its judgment and assess the credibility of the witnesses." We may not do so. See Acevedo-Diaz v. Aponte, 1 ___ ____________ ______ F.3d 62, 66 (1st Cir. 1993) (court of appeals will uphold jury verdict "unless the facts and inferences, viewed in the light most favorable to the verdict 'point so strongly and overwhelmingly in favor of the movant that a reasonable jury could not have [returned the verdict]'"). Indeed, unless plaintiff made a timely motion for judgment as a matter of law under Fed. R. Civ. P. 50 or for new trial under Fed. R. Civ. P. 59 (we find neither motion on the docket or among the papers), we ordinarily will not review the weight of the evidence. La Amiga del Pueblo, Inc. v. Robles, 937 F.2d 689, ________________________ ______ 691 (1st. Cir. 1991). Nevertheless, we have reviewed those portions of the record presented to us and we conclude that the jury's verdict is adequately supported by, for example, James Younger's account as set forth in his deposition. 2. Plaintiff has forfeited review of his challenges to the jury instructions because plaintiff has failed to produce a transcript of the instructions. Valedon Martinez ________________ v. Hospital Presbiteriano, 806 F.2d 1128, 1135 (1st Cir. ______________________ 1986) (appellant precluded meaningful review by failing to have the jury instructions transcribed). Plaintiff's indigence does not excuse him from producing the transcript. Richardson v. Henry 902 F.2d 414, 416 (5th Cir.), cert. __________ _____ ____ -2- denied, 498 U.S. 901 (1990); Thomas v. Computax Corp., 631 ______ ______ _____________ F.2d 139, 141-43 (9th Cir. 1980). 3. We have considered all of plaintiff's arguments and find no basis to disturb the judgment below. Affirmed. ________ -3-