IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 97-30472
Summary Calendar

———————————

LARRY J. THIBODEAUX,

                                        Plaintiff-Appellant,

versus

CITY OF EUNICE; VARDEN GUILLORY, SR.;
TRACY CHADDICK; ANDREA DARBY,

                                        Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 96-CV-1206
- - - - - - - - - -
February 4, 1998

Before JOLLY, BENAVIDES and PARKER, Circuit Judges.

PER CURIAM:[*]

     Larry J. Thibodeaux appeals from the district court's order
granting summary judgment in favor of the defendants in his civil
rights complaint.  Thibodeaux argues that he was wrongfully
arrested, that he was subjected to unlawful fingerprinting and
incarceration, that he was not advised of his Sixth Amendment
rights, and that his bond was excessive.  Thibodeaux also asserts
that two Eunice city court clerks' refusal to file certain

———————————

[*]  Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

pretrial motions in the resulting proceeding amounted to a denial-of-access-to-the-courts claim.  We have reviewed the record and the parties' briefs, and we conclude that Thibodeaux's argument is frivolous for essentially the same reasons set forth by the district court.  See Thibodeaux v. City of Eunice et al., No. 96-1206 (W.D. La. Apr. 29, 1997).

Additionally, Thibodeaux has failed to show that the district court's decision denying his request to amend his complaint was an abuse of discretion.  See Rolf v. City of San Antonio, 77 F.3d 823, 828 (5th Cir. 1996).  Thibodeaux's assertion that the district court erred by denying his request that the defendants be informed of a purported conflict of interest with their attorney is without merit.  Nor has Thibodeaux shown that the district court abused its discretion by granting the defendants' motion to compel discovery and by assessing attorneys' fees of $250 against Thibodeaux for his initial refusal to respond to the discovery requests.  See Richardson v. Henry, 902 F.2d 414, 417 (5th Cir. 1990).

Thibodeaux's appeal is without arguable merit, and it is therefore frivolous.  See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983).  It is therefore DISMISSED.  5th Cir. R. 42.2. His request for permission to file an amended notice of appeal is DENIED.

The appellees' motion for the imposition of damages is GRANTED and we remand to the district court for an assessment of

double costs and attorney's fees for this frivolous appeal.  Fed.

R. App. P. 38.

APPEAL DISMISSED; MOTION TO FILE AN AMENDED NOTICE OF APPEAL
DENIED; MOTION FOR DAMAGES PURSUANT TO FED. R. APP. P. 38
GRANTED; REMAND TO THE DISTRICT COURT FOR ASSESSMENT OF DOUBLE
COSTS AND DAMAGES.