IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 97-40693
Summary Calendar
_____

RODNEY EARL ALDRIDGE,

            Plaintiff-Appellant,

  v.

JAMES A COLLINS, ET AL.,

            Defendants,

KENNETH SULEWSKI, Captain of Segregation; JEFFREY TAYLOR,
Sergeant of Segregation; GLEN MORGAN; RUSSELL MITTASHCH,

            Defendants-Appellees.

_____

Appeal from the United States District Court
for the Eastern District of Texas
(9:94-CV-212)
_____

June 3, 1999

Before KING, Chief Judge, and DUHE' and PARKER, Circuit Judges.

PER CURIAM:[*]

    Rodney Earl Aldridge, a Texas state prisoner, appeals from

the district court's dismissal of a portion of his civil rights

complaint as frivolous pursuant to 28 U.S.C. § 1915(d) (now

§ 1915(e)) and from a judgment for the remaining defendants

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

following a jury trial.  Aldridge argues that the district court abused its discretion by dismissing as frivolous his claims that the evidence was insufficient to support his disciplinary conviction and that the defendants had been deliberately indifferent to his serious medical needs, that the magistrate judge abused his discretion by denying Aldridge's requests for the appointment of counsel, that he was denied a fair trial because he was denied the right to present certain documentary evidence to the jury, and that the defendants' attorney improperly referred to issues other than Aldridge's excessive-use-of-force claims in the presence of the jury.

The district court did not abuse its discretion by dismissing as frivolous Aldridge's claim that the evidence was insufficient to support his disciplinary conviction because there were facts that support the conviction.  See Gibbs v. King, 779 F.2d 1040, 1044 (5th Cir. 1986) (stating that federal courts will not review the sufficiency of the evidence at a disciplinary hearing and that a finding of guilt requires only "some facts" or "any evidence at all") (internal quotation marks omitted). Moreover, the district court did not abuse its discretion by dismissing as frivolous Aldridge's claim that the defendants had been deliberately indifferent to his serious medical needs because Aldridge failed to demonstrate that any of the defendants disregarded a substantial risk of serious harm to him or that they failed to take reasonable measures to abate a known risk of harm.  See Farmer v. Brennan, 511 U.S. 825, 847 (1994) (holding

2

that a prison official may be held liable under the Eighth Amendment "only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it"). Thus, this portion of the judgment is AFFIRMED.

As to Aldridge's contentions concerning the magistrate judge's denial of his motions for the appointment of counsel, the magistrate judge did not abuse his discretion by failing to appoint counsel for Aldridge because there was no showing of exceptional circumstances. See Ulmer v. Chancellor, 691 F.2d 209, 212 (5th Cir. 1982) (civil rights plaintiff has no automatic right to appointment of counsel; appointment is appropriate only if there are exceptional circumstances). This portion of the judgment is also AFFIRMED.

As to Aldridge's remaining contentions, because Aldridge had the responsibility to provide a transcript to this court but did not do so, we must dismiss the appeal with regard to Aldridge's claims that he was denied the use of certain evidence at trial and that the defendants' attorney improperly referred to other issues in the jury's presence. See Richardson v. Henry, 902 F.2d 414, 416 (5th Cir. 1990) ("The failure of an appellant to provide a transcript is a proper ground for dismissal of the appeal."). Although he filed two motions to obtain a transcript at the government's expense, these motions were denied because Aldridge did not satisfy his burden of demonstrating that his appeal was not frivolous and that the transcript was necessary for the

3

proper disposition of the appeal.  See id. (dismissing appeal for failure to provide transcript where defendant's motions for transcript at government's expense had been denied).  Thus, Aldridge's appeal is DISMISSED as to these remaining issues.

All outstanding motions are DENIED.

AFFIRMED IN PART; DISMISSED IN PART; MOTIONS DENIED.