IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-60283
Summary Calendar
_____

RICHARD SHUMPERT,

Plaintiff-Appellant,

versus

LEON HAYES, Sheriff,

Defendant-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 1:96-CV-313-D-D
- - - - - - - - - -

July 9, 1999

Before DAVIS, DUHÉ and PARKER, Circuit Judges.

PER CURIAM:[*]

Richard Shumpert, Mississippi prisoner # 75341, appeals the district court's dismissal of his 42 U.S.C. § 1983 civil rights action alleging deliberate indifference to his serious medical needs.

Shumpert did not include a transcript of the bench trial which was held before the district court in the record on appeal, although it is his duty as an appellant to provide a transcript of all relevant evidence to support his appellate argument. *See*

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

Fed. R. App. P. 10 (b)(2); *see Richardson v. Henry*, 902 F.2d 414, 416 (5th Cir. 1990); *Powell v. Estelle*, 959 F.2d 22, 26 (5th Cir. 1992). Dismissing "the appeal for failure to provide a complete transcript of the record on appeal is within the discretion of the court." *Coats v. Pierre*, 890 F.2d 728, 731 (5th Cir. 1989). While we decline to exercise that option in this instance, we necessarily limit the scope of our review to the available record. *See Boze v. Branstetter*, 912 F.2d 801, 803 n.1 (5th Cir. 1990).

Shumpert argues that the district court erred in dismissing his § 1983 action based on its determination that Shumpert did not have a serious medical need and on its determination that Hayes was not deliberately indifferent to Shumpert's medical need. The record supports the district court findings that Shumpert was incarcerated as a pretrial detainee on April 20, 1995, that he complained of pain only once, on April 23, 1995, that he was given a medical examination on April 24, 1995, and that Defendant Hayes responded reasonably to Shumpert's medical needs. The district court noted that Shumpert's allegation that he was told he could not see a doctor unless he paid for the treatment was unsupported by documentary evidence. However, Shumpert arranged for a member of his family to pay for his medical treatment. Assuming that Hayes unreasonably refused to pay for Shumpert's medical treatment, there is no indication in the record before us that Shumpert suffered adverse consequences from the delay it may have caused. *See Mendoza v. Lynaugh*, 989

F.2d 191, 195 (5th Cir. 1993)(A delay in obtaining medical care rises to a constitutional violation only if the defendant was deliberately indifferent and the delay resulted in substantial harm.) There is also no indication that the timing of Shumpert's treatment or the treatment itself was unreasonable under the circumstances.

For the foregoing reasons, we affirm the dismissal of Shumpert's action.

AFFIRMED.