IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-60520
Conference Calendar
_____

SEBASTIAN KING,

Plaintiff-Appellant,

versus

E. L. SPARKMAN; RENNIE HOLT, Corrections
Officer, Marshall County Correctional
Facility; TODD GUELKER, Assistant Warden,
Marshall County Correctional Facility;
MARSHALL COUNTY CORRECTIONAL FACILITY,
HOLLY SPRINGS, MISSISSIPPI; WACKENHUT
CORRECTIONS CORPORATION,

Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 3:97-CV-30-B-A
- - - - - - - - - -

October 19, 1999

Before JONES, SMITH, and STEWART, Circuit Judges.

PER CURIAM:[*]

Sebastian King, a Mississippi inmate (# 62506), appeals from
the district court's entry of judgment for the defendants
following a nonjury trial of his pro se civil rights action.

King argues that, before trial, the district court erred in
denying his discovery request.  Because King has not shown that

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

he was prejudiced by such denial, he has not shown that the district court abused its discretion. See Marshall v. Norwood, 741 F.2d 761, 764 (5th Cir. 1984).

King has neither provided a transcript of the trial nor sought production of a transcript at government expense, as is his responsibility. See Richardson v. Henry, 902 F.2d 414, 415-16 (5th Cir. 1990); FED. R. APP. P. 10(b). To the extent that King challenges the judgment that resulted from the trial, the appeal is DISMISSED. See Richardson, 902 F.2d at 416.

King has failed to brief arguments with respect to the district court's entry of judgment in favor of the defendants other than Holt. Any claims against those defendants have thus been abandoned. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993); FED. R. APP. P. 28(a)(9). The judgment is AFFIRMED as to these remaining claims.

DISMISSED IN PART; AFFIRMED IN PART.