IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-30903
Summary Calendar
_____

GREGORY JOHNSON

Plaintiff - Appellant

v.

SHANE ZUMBRO, Sergeant; JOSEPH TURNER, Captain;
REGINALD LUCAS, Lieutenant; BILLY ORR, Lieutenant;
K FOIL, Sergeant; M GAUTHIER, Sergeant; KEVIN L
GROOM, Sergeant; FOWLER, Sergeant; LOUIE CALVERT,
Major

Defendants - Appellees

- - - - - - - - - -
Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 93-CV-1121-B
- - - - - - - - - -
June 14, 2000

Before KING, Chief Judge, and DAVIS and BENAVIDES, Circuit
Judges.

PER CURIAM:[*]

In this 42 U.S.C. § 1983 civil rights action, Gregory

Johnson, a Louisiana prisoner (# 108327), appeals the district

court's order granting summary judgment as to most of the claims

raised and defendants named in Johnson's complaint and the

district court's entry of judgment in favor of the remaining

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

defendants following a non-jury trial conducted by the magistrate judge.

Johnson has failed to order or provide a transcript of the trial. When an appellant has failed to order a transcript, this court does not consider the merits of appellate issues that depend upon a transcript for their resolution. See Powell v. Estelle, 959 F.2d 22, 26 (5th Cir. 1992); Richardson v. Henry, 902 F.2d 414, 416 (5th Cir. 1990); FED. R. APP. P. 10(b)(2) (requiring appellant to include a transcript relevant to contested findings or conclusions). Accordingly, this court has not addressed Johnson's claims that: the magistrate judge improperly took judicial notice of the affidavit of one of Johnson's witnesses to determine that the witness had made an inconsistent statement at trial; the magistrate judge permitted a non-medical witness for the defendants to testify that Johnson refused medical attention after a use-of-force incident; Johnson's witnesses' testimony supported his claim that defendants had used pepper spray on him in violation of his Eighth Amendment rights; and his witnesses' testimony also supported his claims that defendants retaliated against him for filing administrative grievances against prison officials, in violation of his First Amendment rights.

Johnson's contention that the magistrate judge applied the improper Eighth Amendment standard of law, as determined by the Supreme Court, is unsupported by the record. The magistrate judge's conclusion that Johnson was required to show more than a "de minimis" injury was a correct statement of this court's law.

See <u>Williams v. Bramer</u>, 180 F.3d 699, 703 (5th Cir. 1999) (citing <u>Hudson v. McMillian</u>, 503 U.S. 1, 8 (1992)).

The district court's failure to consider explicitly Johnson's supplemental state-law claims was not an abuse of discretion. See <u>Cabrol v. Town of Youngsville</u>, 106 F.3d 101, 110 (5th Cir. 1997). The court was entitled to dismiss any state-law claims after it properly deemed meritless the claims over which it had original jurisdiction. See 28 U.S.C. § 1367(c).

Johnson has effectively abandoned any challenge to the district court's dismissal of claims in granting in part the defendants' summary-judgment motion in 1996. He has failed to brief those claims adequately, as he does not cite to the record on appeal and mostly fails to cite relevant legal authority. See <u>Yohey v. Collins</u>, 985 F.2d 222, 224-25 (5th Cir. 1993); FED. R. APP. P. 28(a)(9). His conclusional reiteration of his complaints about searches of his cell and seizures of his legal materials, about verbal threats, about violations of his due process rights in connection with disciplinary sanctions, and about the magistrate judge's conclusion that he had failed to serve defendant Darrell Vannoy with process are inadequate to preserve those claims for appeal.

AFFIRMED.