IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-60298
Summary Calendar
_____

LOUIS JAMES CLAY, JR,

                                        Plaintiff - Appellant

versus

REGINALD JACKSON, Wilkinson County Sheriff; CALVIN GAINES,
Wilkinson County Deputy; JESSIE PERRY, Wilkinson County Deputy;
ROBERT L. WARDS, Wilkinson County Judge; ANDY LEWIS, Woodville
Republican News Paper; JOHN LEWIS, Woodville Republican News
Paper; STATE OF MISSISSIPPI,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 5:98-CV-56-BrS
--------------------
January 2, 2001

Before EMILIO M. GARZA, STEWART, and PARKER, Circuit Judges.

PER CURIAM:[*]

    Louis James Clay, Jr., has appealed the magistrate judge's
order granting summary judgment for defendants and ordering the
dismissal of his civil rights action.  Clay contends that the
district court erred in refusing to compel answers to his
discovery requests.  Clay has not shown that the magistrate judge
abused his discretion.  See Richardson v. Henry, 902 F.2d 414,
417 (5th Cir. 1990) (standard of review).

---

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Clay contends that the magistrate judge erred in granting the motion for summary judgment. There was no genuine issue of material fact regarding the procurement of an arrest warrant for Clay by Deputy Gaines and Sheriff Jackson on the charge of being a felon in possession of a firearm. The warrant was supported by probable cause. See Wall v. State, 718 So. 2d 1107, 1111 (Miss. 1998). The possibility that Clay might have had a valid defense to the charge of being a felon in possession of a firearm does not affect the validity of the arrest or the arrest warrant. Wells v. Bonner, 45 F.3d 90, 95 (5th Cir. 1995). Clay presented no summary judgment evidence showing that his prior felony conviction had been expunged.

Clay contends that the sheriff did not have probable cause to arrest him for charges related to the raid on Spoola's Entertainment Center. The fact that the business was nominally owned by Clay's son, if true, does not show that Clay did not have a role in the business or that the sheriff did not have probable cause to arrest him for crimes allegedly committed at the business. See Wells, 45 F.3d at 95.

Clay contends that the magistrate judge erred in granting summary judgment for Deputy Perry as to Clay's excessive-force claim. Clay contends only that he was taken to the hospital while he was in custody in May 1997 after his attorney threatened to sue the sheriff. This argument is insufficient to show that there were genuine issues of fact regarding the excessive-force claim and the extent of Clay's injuries.

Clay contends that the delay between the traffic stop and the execution of the arrest warrant (after the publication of two letters in the local newspaper) showed that Gaines and Jackson had conspired against him. The argument, liberally construed, is that Jackson and Gaines retaliated against Clay for exercising his First Amendment rights. Clay's letters were not particularly inflammatory. Clay stated in his first letter that prison sentences for drug offenses were too long and that rehabilitation was preferable to incarceration. Clay was critical of the sentence imposed in one case. Clay stated in his second letter that the African American community should organize itself to combat drug use. Sheriff Jackson criticized Clay as a hypocrite for writing the letters after Clay's arrest. These facts are not sufficient to raise a genuine issue regarding the question whether Jackson was motivated to retaliate against Clay for publishing the letters. See Johnson v. Rodriquez, 110 F.3d 299, 310 (5th Cir.), cert. denied, 118 S. Ct. 559 (1997); Woods v. Smith, 60 F.3d 1161, 1166 (5th Cir. 1995).

Clay contends that the magistrate judge's findings regarding distribution of alcohol to minors and his role in the business show that the magistrate judge was unfairly biased. Adverse rulings alone do not call into question a judge's impartiality. See Liteky v. United States, 510 U.S. 540, 555 (1994).

The judgment is AFFIRMED.