## UNITED STATES COURT OF APPEALS
## FIFTH CIRCUIT

––––––––––––––––––

No. 00-31240

(Summary Calendar)

––––––––––––––––––

AVYON GARR,

Plaintiff - Appellant,

versus

WESTERN SIZZLER; ET AL,

Defendants

KEITH ALBRITTON; WESTERN SIZZLIN; WINSTON OF MONROE INC.

Defendants - Appellees

––––––––––––––––––––––––––––––––

Appeal from the United States District Court
For the Western District of Louisiana
98-CV-2217

––––––––––––––––––––––––––––––––

September 18, 2001

Before JOLLY, EMILIO M. GARZA and STEWART, Circuit Judges.

PER CURIAM:[*]

––––––––––––––––

[*] Pursuant to Fifth Circuit Rule 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Fifth Circuit Rule 47.5.4.

Avyon Garr ("Garr") appeals *pro se* the bench verdict denying his wrongful discharge and hostile environment claims based on Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* We affirm.

Garr, an African-American, was hired as an assistant manager trainee at the Western Sizzlin, a restaurant operated by Winston of Monroe, Inc. ("Winston"). Less than thirty days into his employment, Garr was dismissed by David Howard ("Howard"), the store manager, for poor work performance. Over a two week period, Howard had filed seven disciplinary reports against Garr, stating that he was repeatedly tardy and failed to follow clean-up and closing procedures. Howard later commenced a Title VII action against Western Sizzlin, Winston and Keith Albritton, a fifty-percent owner of Winston (collectively, the "Appellees").

At the bench trial, Garr made numerous allegations of blatant racial discrimination by Howard and the Appellees. He claimed, among other things, that Howard used racial epithets to describe African-American customers; threw away job applications filed by African-Americans; and informed Garr that he was being terminated to allow a white person to take his position. Howard and the Appellees disputed these allegations, and denied that Garr had been dismissed because of his race. The district court rejected Garr's version of the events in its finding of facts, and ruled that he was not dismissed on the basis of race. The court also rejected Garr's hostile environment claim. Although it found that Howard had once used a racially derogatory term in his private journal, the court held that a stray racial remark cannot constitute a hostile environment.

Garr now appeals the district court's verdict mainly on the sufficiency of the evidence ground. We review a district court's factual findings in a Title VII case for clear error. *See EEOC v. Clear Lake Dodge*, 60 F.3d 1146, 1151 (5th Cir.1995).

As an initial matter, he claims that the court violated Rule 52 of the Federal Rules of Civil Procedure by failing to make the factual findings on a separate document from the conclusions of the law. Garr misreads the rule. It merely states that "the court shall find the facts specially and state separately its conclusions of law"; it does not require the court to file its factual findings on a different piece of paper. *See* FED. R. CIV. P. 52(a).

Garr's main argument is that the court could not have rendered a verdict in favor of the Appellees because he had disputed their version of the facts. Garr is mistaken. It is the function of the district court at bench trial to listen to the testimony of each witness, weigh his or her credibility, and make factual findings. *See, e.g., Canal Barge Co., Inc. v. Torco Oil Co.,* 220 F.3d 370, 375 (5th Cir. 2000). In this case, the court held a bench trial, and found the Appellees to be more credible than Garr. Indeed, "[w]here the court's finding is based on its decision to credit the testimony of one witness over that of another, 'that finding, if not internally inconsistent, can virtually never be clear error.'" *Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1044 n.1 (5th Cir. 1998) (internal citations omitted).

Garr only makes conclusory statements that the court's factual findings were erroneous. His failure to provide deposition or trial transcripts precludes us from even reviewing his claim. *See Richardson v. Henry*, 902 F.2d 414, 416 (5th Cir. 1990) ("The failure of an appellant to provide a transcript is a proper ground for dismissal of the appeal.").

Several weeks after this appeal was filed, Garr filed a "Motion for Appearance Before This Honorable Court and Request for U.S. District Transcripts of Court Proceedings in This Case." We construe the motion as an appeal of the district court's denial of his request that the government furnish transcript at its expense. We deny this motion because Garr has waived this issue by failing

to present it in his original brief.  *See United States v. Green*, 46 F.3d 461, 465 n.3 (5th Cir. 1995).

Moreover, the motion would fail on its substantive merits.  A party in a civil case can receive

transcripts at the expense of the government if a judge "certifies that the appeal is not frivolous (but

presents a substantial question)."  28 U.S.C. § 753(f).  As detailed above, this appeal does not present

any non-frivolous arguments.  *See Norton v. Dimazana*, 122 F.3d 286, 293 (5th Cir. 1997) (refusing

to provide transcripts in part because the underlying claims were frivolous).[1]

AFFIRMED. MOTION DENIED.

---

[1]     Garr also claims in his brief that the district court admitted hearsay evidence.  He, however, fails to specify the alleged hearsay testimony or to include the trial transcripts, thus precluding us from reviewing this issue.  Garr additionally argues that the court denied him his right to a trial by jury.  The record reflects that Garr had waived his right to a jury trial during pretrial conference, but then later decided against the waiver.  The court ordered Garr to file a motion to reinstate the jury trial, but he apparently failed to do so.