IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-60206
Conference Calendar

_____

DAVID W. MYLES,

Plaintiff,

versus

DAVID TURNER ET AL.,

Defendants.

*******************************************

MELVIN WALKER,

Plaintiff-Appellant,

versus

MISSISSIPPI DEPARTMENT OF CORRECTIONS;
DAVID TURNER; MICHAEL SUMMERELL; JOHNNY
DENMARK; KIRK FORDICE, Individually and
Officially as Governor; JAMES ANDERSON;
JOHN GRUBBS; DANNY WOODARD; MARY HARTFIELD;
CHARLES SCARBOROUGH; VICTOR BREWER;
EMERGENCY RESPONSE TEAM,

Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 2:98-CV-2-PG
USDC No. 2:97-CV-417-PG
- - - - - - - - - -
February 20, 2002

Before JOLLY, JONES, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Melvin Walker, Mississippi prisoner # R1935, appeals the

_____

   [*]   Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

district court's judgment following a nonjury trial that he take nothing pursuant to his 42 U.S.C. § 1983 complaint. On appeal, Walker reargues the merits of his underlying constitutional claims. He challenges the district court's conclusion that he failed to establish the essential elements of his claims by a preponderance of the evidence.

Walker has failed to provide a trial transcript, as directed by Fed. R. App. P. 10(b)(2). He filed a motion in this court requesting copies of the trial transcript at the Government's expense but failed to meet the requirements of 28 U.S.C. § 753(f). His motion was denied. Walker subsequently indicated to the court that he did not need the transcripts and that he wished to proceed on appeal without the transcripts. Walker's appeal cannot be resolved without the aid of the trial transcript. Accordingly, his appeal is DISMISSED. *See* FED R. APP. P. 3(a)(2); *Boze v. Branstetter*, 912 F.2d 801, 803 n.1 (5th Cir. 1990); *Richardson v. Henry*, 902 F.2d 414, 416 (5th Cir. 1990); 5TH CIR. R. 42.2.