IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-60071
Summary Calendar
_____


JOHN SHIRLEY; MARTHA SHIRLEY,

                                        Plaintiffs-Appellants,

versus

W. THOMAS McCRANEY, JR.; CAPITAL ORTHOPAEDIC CLINIC, PA.,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:97-CV-124-WS
--------------------
August 23, 2002
Before DAVIS, DUHÉ, and DeMOSS, Circuit Judges.

PER CURIAM:[1]

     John Shirley ("Shirley") and his wife Martha appeal the
district court's grant of summary judgment dismissing Shirley's
medical malpractice claims against Dr. Thomas McCraney and his
medical group.  The Shirleys argue on appeal 1) that the district
court should have granted Shirley's motion to obtain a new expert;
2) that the district court should have stricken portions of the
defendants' summary judgment motion; and 3) that the district court
should have denied the defendants' summary judgment motion.

---

     [1] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Shirley does not indicate that another expert witness was available or what that witness would have stated. The district court did not abuse its discretion in denying Shirley's motion to obtain another expert before ruling on the summary judgment motion. See Richardson v. Henry, 902 F.2d 414, 417 (5th Cir. 1990); Stearns Airport Equip. Co., Inc. v. FMC Corp., 170 F.3d 518, 534-35 (5th Cir. 1999).

The record indicates that the district court did not consider the defense expert witnesses and thus that the court's failure to strike those portions of the defendants' summary judgment motion was of no consequence. The Shirley's appellate argument on this issue is without merit.

Our de novo review of the record reveals that the district court did not err in granting summary judgment. Though Shirley cites to a number of allegedly disputed facts, he points to no evidence countering the deposition testimony of his own expert witness that Dr. McCraney's method of treatment did not violate the standard of care. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); Brown v. Baptist Mem'l Hosp. DeSoto, Inc., 806 So. 2d 1131, 1134 (Miss. 2002). With respect to the lack-of-informed-consent claim, Dr. McCraney's deposition testimony did not indicate that prescribing physical therapy was below the standard of care or that it caused Shirley's worsened condition discovered in December 1994. See Palmer v. Biloxi Reg'l Med. Ctr., Inc., 564 So. 2d 1346, 1364 (Miss. 1990).

AFFIRMED.