United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 21, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-41102
Summary Calendar

_____

GARY L. HILL,

Plaintiff-Appellant,

versus

AVRIAN MENDEZ; ET AL.,

Defendants,

AVRIAN MENDEZ; RONALD BALDESCHWISER, Commanding Officer IV;
DANIEL FERNANDEZ, Texas Department of Criminal Justice Captain;
EDWIN LANG, Texas Department of Criminal Justice Captain; DIANE
LEWIS; MAXIMILLO HERRERA, M.D.,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:02-CV-235
--------------------

Before JONES, Chief Judge, and WIENER and DeMOSS, Circuit Judges.

PER CURIAM:[*]

After a jury trial and a verdict in favor of the defendant, judgment was entered dismissing the civil rights complaint of Gary L. Hill, Texas state prisoner # 520863. The magistrate judge granted Hill leave to appeal in forma pauperis, but denied Hill's motion for preparation of a trial transcript at government expense

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

without prejudice. Hill has filed a motion with this court seeking preparation of a trial transcript at government expense. Hill did not timely file his motion for a transcript at government expense within 10 days after filing his notice of appeal as required by FED. R. APP. P. 10(b)(1) & (2). Hill also did not specify the issues he intended to raise on appeal before filing his brief. Hill filed an appellate brief in September 2004, and Mendez filed a letter brief in December 2004. Hill did not file his motion for a transcript at government expense until July 2005. Because Hill did not timely file a motion for preparation of a transcript at government expense, Hill's motion for a transcript is DENIED.

The failure of an appellant to provide a transcript is a proper ground for dismissal of the appeal. Richardson v. Henry, 902 F.2d 414, 416 (5th Cir. 1990). Without the transcript, the court cannot determine whether the magistrate judge erred in making those evidentiary rulings or whether the jury's verdict was against the weight of the evidence. See id. Because Hill did not file a timely motion for a transcript at government expense, we are unable to review the claims he raises on appeal. Accordingly, Hill's appeal is DISMISSED. See id. Hill's motion for permission to file a supplemental brief is also DENIED.