**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 29, 2010

No. 09-60776
Summary Calendar

Lyle W. Cayce
Clerk

RODNEY DELEVICCIHO CARTER,

Plaintiff-Appellant

v.

GARY REACH, Clinton Police Department Officer,

Defendant-Appellee

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:07-CV-145

Before DEMOSS, STEWART, and ELROD, Circuit Judges.

PER CURIAM:[*]

Rodney Delevicciho Carter appeals the summary judgment dismissing his 42 U.S.C. § 1983 action against Gary Reach. We affirm.

Carter was struck by a passing automobile as he struggled in the street with a shopkeeper whose store he had tried to rob. Reach, a Clinton, Mississippi, police officer, arrived on the scene and arrested Carter for attempted robbery. Carter claimed that he was unconscious when arrested, that

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

he needed medical care, and that Reach was deliberately indifferent to his medical needs.

We review a grant of summary judgment de novo. *Cousin v. Small*, 325 F.3d 627, 637 (5th Cir. 2003). Summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c)(2). If the moving party meets the initial burden of showing that there is no genuine issue, the burden shifts to the nonmovant to set forth specific facts showing the existence of a genuine issue for trial. FED. R. CIV. P. 56(e).

The Due Process Clause of the Fourteenth Amendment guarantees that a person detained by the police is entitled to medical care. *Jacobs v. West Feliciana Sheriff's Dep't*, 228 F.3d 388, 393 (5th Cir. 2000)). Violation of that right by deliberate indifference to serious illness or injury is actionable under § 1983. *Id.* Deliberate indifference encompasses only "unnecessary and wanton infliction of pain" or acts "repugnant to the conscience of mankind." *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976) (internal quotation marks omitted).

Municipal employees may be entitled to qualified immunity for claims brought against them in their individual or personal capacities. *Turner v. Houma Mun. Fire & Police Civ. Serv. Bd.*, 229 F.3d 478, 483 (5th Cir. 2000). To defeat a claim of qualified immunity, a petitioner must state a claim for a violation of a constitutional right, show that the constitutional right was established at the time of the actions at issue, and demonstrate that defendant's conduct was objectively unreasonable in light of the legal rules clearly established when the defendant acted. *Thomas v. City of Dallas*, 175 F.3d 358, 363-64 (5th Cir. 1999). Conclusory allegations of wrongdoing do not satisfy these requirements. *Geter v. Fortenberry*, 849 F.2d 1550, 1553 (5th Cir. 1988).

Carter's allegations are bald conclusions that do not state a claim of a constitutional deprivation. *See id.* There is no evidence that Reach's omitting

to provide medical attention to Carter in the scant half-hour they were together resulted in the injuries that Carter claims to have suffered. Although the district court stated that Carter had presented testimony on this point, that testimony is not in the appellate record because Carter failed to provide a transcript of his *Spears* hearing. *See Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985). An appellant who maintains that a district court determination is contrary to or unsupported by the evidence must include in the appellate record a transcript of all proof relevant to that determination. *Richardson v. Henry*, 902 F.2d 414, 415-16 (5th Cir. 1990). Additionally, the other materials mentioned by the district court are not probative of serious injury. *See Estelle*, 429 U.S. at 105. Thus, they do not create any genuine issue of material fact concerning the first prong of qualified immunity analysis, i.e., whether a constitutional violation occurred. *See Thomas*, 175 F.3d at 363-64. Consequently, summary judgment in favor of Reach on the individual capacity claim was proper. *See* FED. R. CIV. P. 56(c)(2).

Carter's official capacity claim fails as well. Carter's failure to identify any error in the district court's analysis on this issue constitutes a failure to appeal that ruling. *See Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987); *Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

AFFIRMED.