**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-3979
_____

WAYNE PRATER,
                                                Appellant

v.

CITY OF PHILADELPHIA; POLICE OFFICER EDWARD SOLVIBILE, Badge #1694,
individually and as a police officer for the City of Philadelphia;
POLICE OFFICER JOSEPH WALSH, BADGE #5315
individually and as a police officer for the City of Philadelphia
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 11-cv-00667)
Magistrate Judge:  Honorable Timothy R. Rice
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 16, 2013
Before:  RENDELL, FISHER and GARTH, <u>Circuit</u> <u>Judges</u>

(Opinion filed: November 7, 2013)

_____

OPINION
_____

PER CURIAM

        Wayne Prater appeals from a judgment of the United States District Court for the

Eastern District of Pennsylvania, entered after a jury trial in his civil rights case. Prater raises essentially two claims in his brief on appeal: (1) the elimination of the only Black juror in the jury pool violated Batson,[1] and (2) the jury did not follow the instructions given by the judge. We will dismiss the appeal.

It is the appellant's duty to arrange for the trial transcript, and we may dismiss an appeal if an appellant fails to do so. See Fed. R. App. P. 3(a)(2); 10(b)(1); 3d Cir. L.A.R. 11.1; Richardson v. Henry, 902 F.2d 414, 416 (5th Cir. 1990) (dismissing appeal by inmate in civil rights action for failure to provide a transcript). Because Prater did not order transcripts, we have no record of the jury selection process, and similarly cannot assess whether the jury followed the instructions given by the judge. We require the transcript not only to assess the merits of these issues, but to determine whether Prater preserved them for appellate review. Accordingly, we will dismiss the appeal.

---

[1] Batson v. Kentucky, 476 U.S. 79 (1986), holds that the 14th Amendment's equal protection clause bars the use of peremptory strikes to exclude jurors on the basis of race. The Supreme Court has also extended Batson to civil cases. Edmonson v. Leesville Concrete Co., Inc., 500 U.S. 614, 631 (1991).