# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-20770
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 5, 2016

Lyle W. Cayce
Clerk

JEFFREY C. COWART,

Plaintiff-Appellant

v.

OFFICER D. LAVERGNE,

Defendant-Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:13-CV-396

Before KING, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:*

Jeffrey C. Cowart, now Texas prisoner # 1758889, has appealed the dismissal following a bench trial of his civil rights complaint alleging that police officer D. Lavergne acted with deliberate indifference to his serious medical needs following his arrest after an early morning traffic accident. Cowart's motions (1) to receive sealed documents; (2) for appointment of counsel; (3) to add Montgomery County Sheriff Gage and other unidentified

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

jail personnel as defendants; and (4) for production of documents by the Patton Village Police Department are DENIED.

On appeal, Cowart complains generally that the district court's fact findings following the bench trial were erroneous and were based on false evidence.  Cowart has not provided the court with transcripts of the pretrial conference and bench trial, which are necessary for review of that issue.  *See* FED. R. APP. P. 10(b)(2); *see also Richardson v. Henry*, 902 F.2d 414, 415-16 (5th Cir. 1990).  Accordingly, the appeal is DISMISSED IN PART.

Cowart also complains that the district court unfairly denied his requests for issuance of subpoenas requiring the presence of witnesses at trial and the production of documents.  The record reflects that the district court ordered the production of documents and records relating to injuries sustained by Cowart during the traffic accident and medical treatment he received for those injuries; the court ordered the production of medical records, police reports, accident reports, internal affairs investigation reports, jail records, and "all other available records relating to" Cowart's arrest and Lavergne's physical condition and medical treatment.  Copies of the documents that were produced were provided to Cowart, except that Cowart was permitted to inspect his voluminous medical records.  Those materials, coupled with the testimony presented at trial, could be expected to show what transpired on the morning of Cowart's arrest.  In light of the record before us, Cowart's arguments are speculative and do not demonstrate that he had a substantial need for the witness testimony or the documents.  *See Adkins v. Kaspar*, 393 F.3d 559, 571 (5th Cir. 2004); *Cupit v. Jones,* 835 F.2d 82, 86-87 (5th Cir. 1987). Accordingly, the appeal is AFFIRMED IN PART.