**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-1237
_____

SERGEI KOVALEV,
                              Appellant

v.

CITY OF PHILADELPHIA; PAULA WEISS, Executive Director of
Philadelphia Office of Administrative Review, in her individual capacity;
YOLANDA KENNEDY, Clerical Supervisor of Philadelphia Office of
Administrative Review, in her Individual and Capacity;
ANGELINEL BROWN, Deputy Sheriff Sergeant of Philadelphia
Sheriff's Office, in her Individual Capacity
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2:16-cv-06380)
District Judge: Honorable Mark A. Kearney
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 21, 2019
Before: CHAGARES, BIBAS, and GREENBERG, Circuit Judges

(Opinion filed: May 29, 2019)
_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Sergei Kovalev filed suit against the City of Philadelphia ("the City"), Paula Weiss (then-Executive Director of the City's Office of Administrative Review ("OAR")), Yolanda Kennedy (a Clerical Supervisor at OAR), and Angelinel Brown (a Deputy Sheriff Sergeant with the City's Sheriff's Office) (collectively, "Defendants"). Kovalev asserted in his complaint that trash collection fees were improperly assessed against his property; that he attended a hearing at the Tax Review Board (a component part of OAR) to challenge those fees; that he received an unfavorable decision; and that his post-hearing treatment by Defendants—which treatment included removal from OAR office space—is tortious, unconstitutional, and retaliatory.

Several of Kovalev's claims were dismissed under Federal Rule of Civil Procedure 12(b)(6), several more were lost as a result of summary judgment proceedings following months of discovery, and the two claims that remained fell short at the end of a three-day jury trial. After judgment was entered against him, Kovalev appealed.

We have jurisdiction under 28 U.S.C. § 1291. In his opening brief, Kovalev purports to challenge virtually every order and ruling that did not go his way in the District Court. Concluding that Kovalev's arguments are either unpreserved or unpersuasive, we will affirm.

Kovalev principally takes issue with five litigation events: (1) the District Court's February 28, 2017 order granting in part Defendants' Rule 12(b)(6) motion; (2) the District Court's June 27, 2017 order granting Defendants' motion for a protective order; (3) the District Court's July 7, 2017 order denying Kovalev's recusal motion; (4) the District

Court's September 22, 2017 order granting in part Defendants' motion for summary judgment; and (5) the three-day jury trial, culminating in the January 12, 2018 verdict.[1]  We address those events in turn.

1.      The February 28, 2017 order partially granting Defendants' Rule 12(b)(6) motion.

Reviewing Kovalev's pleading in response to Defendants' motion to dismiss, the District Court concluded that Kovalev had failed to adequately plead violations of the Ninth Amendment, substantive due process under the Fourteenth Amendment (against Brown), procedural due process under the Fourteenth Amendment, equal protection under the Fourteenth Amendment, and the First Amendment (but only to the extent Kovalev claimed retaliation against Kennedy and Weiss for requesting that Kovalev be removed from a government building and for allegedly "discouraging the [Tax Review] Board from making a decision," AR 13).  The District Court also concluded that Kovalev had failed to adequately plead intentional infliction of emotional distress against Brown, and had failed to plead various other common law torts against all Defendants.

On appeal, Kovalev argues in conclusory fashion only that he adequately pleaded facts that can withstand dismissal.  See Br. at 27-29.  We conclude that his argument is underdeveloped to the point of effective waiver.[2]  Even assuming, however, that Kovalev

---

[1] We exercise de novo review of orders granting motions to dismiss and motions for summary judgment, see Gallo v. City of Philadelphia, 161 F.3d 217, 221 (3d Cir. 1998) (summary judgment); Lorenz v. CSX Corp., 1 F.3d 1406, 1411 (3d Cir. 1993) (motion to dismiss), and abuse-of-discretion review for orders regarding recusal motions or discovery, see SecuraComm Consulting, Inc. v. Securacom Inc., 224 F.3d 273, 278 (3d Cir. 2000) (recusal motions); Petrucelli v. Bohringer & Ratzinger, 46 F.3d 1298, 1310 (3d Cir. 1995) (discovery).

3

had sufficiently briefed those arguments, the District Court did not err in resolving the Rule 12(b)(6) motion, for substantially the reasons given in its February 28, 2017 memorandum opinion. See AR 9-39.

2.      The June 27, 2017 order granting Defendants' motion for a protective order.

Kovalev argues that the protective order "prematurely terminated [his] discovery," Br. at 30, which prejudiced him in his case against the City, as evidenced by the fact that the City was eventually granted summary judgment. Kovalev's argument, however, has a flawed factual premise. Rather than effectively terminate discovery, the District Court's June 27, 2017 order instead curtailed Kovalev's ability to seek information that the District Court had already ruled "is not permitted, outside the scope of discovery, or should otherwise have been addressed in Defendants' production to date." The order also permitted Kovalev to depose Defendants, permitted Kovalev to obtain "discoverable information identified in the depositions and not produced as yet," permitted Kovalev to issue "five additional written discovery requests . . . to each Defendant," directed Defendants to produce a signed certification along with un-redacted documents regarding confidential City personnel files, and communicated to Kovalev that he was free to file a motion to compel

---

[2] Kovalev contends that he is not obligated to make "specific arguments" on appeal because he made such arguments in the District Court and because the applicable standard of review is de novo. Reply Br. at 7. Kovalev is incorrect; the issues on appeal are dictated by sufficiently articulated arguments in an opening brief, not presumption or speculation by the Court that it should consider any and every argument or issue that was raised below. In addition, while the Court appreciates the not-insignificant number of rulings by the District Court and the challenge for many pro se litigants not versed in crafting legal arguments, these things were taken into account when Kovalev was granted permission to exceed the word-count limit for opening briefs by 2600 words.

if Defendants were not complying with their discovery obligations. See AR 42-43. The District Court's June 27, 2017 order reflects thoughtful and legitimate case-management. There was no abuse of discretion.

3.      The July 7, 2017 order denying Kovalev's recusal motion.

Kovalev argues that he presented good grounds in his motion to have Judge Kearney recuse. We disagree. While Kovalev appears to interpret disproportionately adverse rulings as evidence of judicial bias, see Br. at 19-22, "[w]e have repeatedly stated that a party's displeasure with legal rulings does not form an adequate basis for recusal," Securacom, 224 F.3d at 278, and nothing in the record suggests that Judge Kearney did anything other than faithfully apply the law.

Kovalev also argues that Judge Kearney should have recused because he labored under a conflict of interest. According to Kovalev, the conflict exists because he sued Philadelphia, which is located in Pennsylvania, and Pennsylvania is represented by United States Senators who both sponsored Judge Kearney for an Article III judgeship. See Br. at 25-27.[3] This line of argument was not raised below and is thus subject to waiver doctrine. See Tri–M Grp., LLC v. Sharp, 638 F.3d 406, 416 (3d Cir. 2011). Regardless, Kovalev's

---

[3] Kovalev similarly contends that Judge Kearney labored under a conflict of interest because prior to his judicial service he hosted or co-hosted a political fundraiser for Senator Casey. See Br. at 25-27.

arguments are incongruous[4] and without merit.[5] The District Court did not abuse its discretion in declining to recuse.

4.      The September 22, 2017 order granting Defendants summary judgment in part.

Summarizing the case before it at summary judgment, the District Court stated: "Today, we address state actors' removal of a citizen for alleged disorderly conduct in a receptionist area of a small government office which does not host hearings or public meetings but is allegedly near the hearing room." AR 52. Concluding that clear constitutional guidelines for conduct in the receptionist area is lacking in the case law, the District Court granted the individual Defendants qualified immunity on Kovalev's claim that he was deprived of his First Amendment right to access a public forum. The District Court also concluded that Kovalev had "failed to adduce evidence supporting his claims for the [C]ity's supervisory liability or for assault or intentional infliction of emotional distress." AR 53. The District Court granted Defendants' motion for summary judgment in part. The District Court denied the motion, however, with respect to Kovalev's claims of "First

---

[4] Under Kovalev's unique interpretation of the general recusal statute, 28 U.S.C. § 455, federal judges routinely would have to recuse from suits involving within-vicinage municipalities.

[5] We thus have no need to pass on the District Court's decision, in the alternative to its merits analysis, to follow the apparent trend, see AR 49, of district courts holding pro se § 144 movants (even those proceeding in forma pauperis) to the statutory requirement that they obtain a "certificate of counsel" supporting recusal. Cf. United States v. Boyd, 208 F.3d 638, 645 (7th Cir. 2000) (Posner, C.J.), vacated on other grounds by Boyd v. United States, 531 U.S. 1135 (2001) (observing in a criminal case – with constitutional concerns different from those in civil cases - that "[t]he obvious solution" to the conundrum faced by a pro se criminal defendant needing a "certificate of counsel" under § 144 "is to appoint a lawyer for the pro se defendant for the limited purpose of enabling him to determine whether to file the certificate").

6

Amendment retaliation against the two state actors [Weiss and Kennedy] who called the police to remove" him from the receptionist area. AR 53.

Kovalev does not cite specific, pertinent evidence or legal authority to challenge any aspect of the District Court's summary judgment ruling. He merely makes general pronouncements about qualified immunity principles, see, e.g., Br. at 38-39, and the summary judgment standard, see, e.g., Br. at 40, followed by a request for "additional discovery on all matters" as well as "a new trial," Br. at 41. Accordingly, Kovalev has waived any challenge to the District Court's substantive summary judgment determinations. See Tri–M, 638 F.3d at 416.[6]

5.  The jury trial and the January 12, 2018 verdict.

Kovalev makes numerous arguments related to trial. He takes issue with, inter alia, the District Court's handling of voir dire and peremptory challenges, see, e.g., Br. at 49-50, the District Court's alleged misapplication of Batson v. Kentucky, 476 U.S. 79 (1986), see Br. at 51, Defendants' purported use of something called "dual reverse Batson," Br. at 52, certain statements made by the District Court, see, e.g., Br. at 55, various evidentiary rulings, see Br. at 56-64, the jury instructions, see, e.g., Br. at 71, and the District Court's decision to subject Kovalev's testimony to questioning, rather than to permit Kovalev to deliver an uninterrupted soliloquy about "all events," Br. at 65.

---

[6] Waiver aside, it is plain from the record that Kovalev failed to adduce evidence of the City's supervisory liability and the individual Defendants' tortious conduct. We also agree with the District Court's qualified immunity analysis, again for substantially the reasons given its opinion.

7

We cannot and will not consider the merits of any of these arguments. An appellant seeking to challenge aspects of his trial has a duty to arrange for production of a trial transcript—we may dismiss an appeal if the appellant fails to do so, see Fed. R. App. P. 3(a)(2), 10(b)(1); 3d Cir. L.A.R. 11.1 (2011); Richardson v. Henry, 902 F.2d 414, 416 (5th Cir. 1990)—and Kovalev failed to make such arrangements.[7] We thus have no record of the jury selection process, or of the allegedly improper statements by the District Court, or of certain evidentiary rulings, or of any of the other trial issues that Kovalev would like the Court to consider. That is not acceptable; we require a trial transcript not only to assess the merits of those issues, but also to assess whether Kovalev actually preserved them for appellate review. The absence of a trial transcript prevents us from making either assessment.

\*     \*     \*

Kovalev's remaining arguments on appeal are without even arguable merit and require no further discussion. Accordingly, for the reasons given in this opinion, we will affirm.

---

[7] Kovalev's argument that Defendants have implicitly "accepted the accuracy of [his] best recollections," Reply Br. at 27, is unavailing. The same goes for his argument that he cannot afford to order transcripts. See Reply Br. at 27. As Defendants pointed out to Kovalev (who appealed in forma pauperis), he could have filed a motion under 28 U.S.C. § 753(f) for production of transcripts at Government expense. See Def. Br. at 30 n.7. Moreover, Defendants, in attempting to cover all of their bases, even provided a roadmap to Kovalev for how he might belatedly argue (successfully or not, we cannot say) in support of a § 753(f) motion and limited re-briefing. See Def. Br. at 30 n.8. Ultimately, Kovalev chose a different path.