# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 20, 2022

Lyle W. Cayce
Clerk

No. 20-60203
Summary Calendar

CARL WATTS,

*Plaintiff—Appellant*,

*versus*

RICHARD PICKETT, *Officer*,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 5:17-CV-38

Before KING, COSTA, and HO, *Circuit Judges*.

PER CURIAM:*

Carl Watts, Mississippi prisoner # 77138, has appealed the district court's partial summary judgment dismissal and its adverse judgment following a jury trial of his 42 U.S.C. § 1983 civil rights complaint. If his appellate brief is liberally construed, Watts renews his claim that Warden

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-60203

Bradley, Deputy Warden Walker, and Unit Manager Walker were deliberately indifferent to his safety by returning him to the same housing unit where he was assaulted and where some of his assailants were still housed. He also renews his claim that Officer Pickett was deliberately indifferent to his safety and failed to protect him from assault by fellow inmates.

Watts has abandoned by failing to brief any challenge to the district court's initial partial dismissal for failure to state a claim of his claims against the other defendants named in his complaint. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993). Similarly, although Watts renews his claims against Warden Bradley, Deputy Warden Walker, and Unit Manager Walker, he does not brief any argument challenging the district court's reasons for granting summary judgment in their favor and ordering that his claims be dismissed. He has therefore abandoned any challenge to the reasons for the district court's dismissal. *See id.*; *see also Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

The conclusional renewal of the deliberate indifference claim against Officer Pickett is construed as a challenge to the sufficiency of the evidence to support the jury's verdict in Officer Pickett's favor. As the appellant, Watts is responsible for supporting his appellate issues with pertinent transcripts of proceedings in the district court, and he has failed to do so. *See* Fed. R. App. P. 10(b)(1)(A), (2); *Richardson v. Henry*, 902 F.2d 414, 415-16 (5th Cir. 1990). His unsupported appellate issues are subject to dismissal. *See Richardson*, 902 F.2d at 416.

Accordingly, the district court's judgment is AFFIRMED IN PART, and the appeal is DISMISSED IN PART.