United States Court of Appeals
Fifth Circuit

**F I L E D**

September 10, 2004

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-30747
Summary Calendar
_____

WARREN L. REUTHER, JR., on his own behalf and on behalf of all
other shareholders of Airport Holdings, Inc., Airport
Shuttle, Inc., Airport Shuttle Colorado, Inc., Chicory
Building, Inc., Delta Transit, Inc., Destination Management,
Inc., Hospitality Enterprises, Inc., Lodging, Inc., New
Orleans International Cruise Ship Terminal, Inc., New
Orleans Paddlewheels, Inc., New Orleans Tours, Inc., On the
Town, Inc., RSC Management, Inc., and Visitor Marketing,
Inc.,

Plaintiff-Appellant,

versus

JAMES E. SMITH, JR.; SMITH MARTIN APLC; SMITH ROSENBERG LLC,
formerly known as Smith Martin APLC; AIRPORT HOLDINGS, INC.;
AIRPORT SHUTTLE, INC.; AIRPORT SHUTTLE COLORADO, INC.; CHICORY
BUILDING, INC.; DELTA TRANSIT, INC.; DESTINATION MANAGEMENT,
INC.; HOSPITALITY ENTERPRISES, INC.; LODGING, INC.; NEW ORLEANS
INTERNATIONAL CRUISE SHIP TERMINAL, INC.; NEW ORLEANS
PADDLEWHEELS, INC.; NEW ORLEANS TOURS, INC.; ON THE TOWN, INC.;
RSC MANAGEMENT, INC.; VISITOR MARKETING, INC.,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 01-CV-3625-R
USDC No. 02-CV-282
--------------------

Before BARKSDALE, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Warren L. Reuther, individually and on behalf the shareholders of the above-referenced corporations (the Corporations), appeals from the district court's grant of the appellees' motions for summary judgment in this suit alleging, among other claims, violations under the Racketeer Influenced and Corrupt Organizations Act (RICO).  Because Reuther declines to renew his federal securities law claim, that issue is deemed abandoned. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993).

Reuther contends that the district court abused its discretion in denying his FED. R. CIV. P. 56(f) request for a continuance to permit further discovery.  He also asserts that the district court erred in granting summary judgment on his RICO claim.  For purposes of the latter argument, Reuther contends that the district court improperly weighed evidence and decided genuine issues of material fact when rejecting certain alleged RICO predicate acts of mail fraud.

We have reviewed the record and briefs submitted by the parties and hold that the district court's denial of Reuther's FED. R. CIV. P. 56(f) request did not constitute an abuse of discretion since Reuther failed to show how the additional requested discovery would create a genuine issue of material fact. See Richardson v. Henry, 902 F.2d 414, 417 (5th Cir. 1990); International Shortstop, Inc. v. Rally's, Inc., 939 F.2d 1257, 1266 (5th Cir. 1991). Similarly, because Reuther's RICO predicate acts/mail fraud arguments fail to identify the existence of a material fact issue

for trial, the district court's grant of summary judgment is AFFIRMED. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Anderson v. Liberty Lobby, 477 U.S. 242, 250 (1986). Because the district court's summary judgment ruling was not error, we reject Reuther's request seeking reinstatement of his state-law claims.

AFFIRMED.