United States Court of Appeals
Fifth Circuit

**F I L E D**

September 14, 2004

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-10156
Summary Calendar

BRUCE LEE KITTELSON,

Plaintiff-Appellant,

versus

ADEL NAFRAWI; STEPHEN PECK; STANFORD LEHRER; STEVEN REILLY;
LLENE MAXWELL, Licensed Vocational Nurse; CHRISTY KING,
Licensed Vocational Nurse; KAREN HORSLEY, Licensed Vocational
Nurse; BOB PREWIT, Physician's Assistant; WILLIAM CASADY,
Licensed Vocational Nurse; WILLIAM GONZALES, Medical Director
Texas Tech University Health Science Center-CMHC; HENDRICKS
HOSPITAL; JAMES DUKE, Senior Warden; ROBERT EASON, Assistant
Warden; CARY COOK, Assistant Warden,

Defendants-Appellees.

---------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:02-CV-93
---------------------

Before JOLLY, HIGGINBOTHAM, and PICKERING, Circuit Judges.

PER CURIAM:[*]

Bruce Lee Kittelson, Texas prisoner # 818614, appeals the
magistrate judge's dismissal of his 42 U.S.C. § 1983 civil rights
action against Adel Nafrawi, Stephen Peck, Stanford Lehrer,
Steven Reilly, Llene Maxwell, Christy King, Karen Horsley, Bob
Prewit, William Casady, James Duke, Robert Eason, Cary Cook,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Hendricks Hospital, and William Gonzalez as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b)(1), and 42 U.S.C. § 1997e(c)(1)-(2).

Kittelson has abandoned his claims against Stanford Lehrer, Steven Reilly, LLene Maxwell, Christy King, Bob Prewit, William Casady, James Duke, Robert Eason, Cary Cook, Hendricks Hospital, and William Gonzalez by failing to argue them in his brief. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993). Kittelson has also abandoned his claims that: (1) the defendants interfered with his medically prescribed treatment; (2) the defendants retaliated against him by assigning him to work at the garment factory and to the top floor of his dorm; (3) emergency room doctors inserted chest tubes without anesthesia; and (4) the defendants used excessive restraints while he was in the hospital. See id. Moreover, Kittelson has failed to brief and, thus, abandoned any claims arising out of his medical care prior to September 20, or after November 2, 2001. See id. Accordingly, the magistrate judge's judgment dismissing the foregoing claims and defendants is AFFIRMED.

Kittelson contends that the magistrate judge erred when she dismissed his deliberate indifference claims as frivolous. Specifically, Kittelson contends that despite his repeated requests for treatment and complaints of serious breathing difficulties, chest pain, numbness in his extremities, fever, and migraine headaches, Drs. Nafrawi and Peck and Nurse Horsley

deliberately delayed and denied him medical care from September 20, through November 2, 2001, resulting in severe pain and the loss of one-third of his left lung. Kittelson also argues that the magistrate judge erred in using his medical records to rebut his allegations of deliberate indifference because these records were falsified and, thus, unreliable.

The magistrate judge improperly relied on Kittelson's medical records to counter his complaint and Spears hearing testimony. See Williams v. Luna, 909 F.2d 121, 124 (5th Cir. 1990). The medical records contradict Kittelson's contention that he was denied any treatment from September 20, through November 2, 2001. Further, Kittelson questions the authenticity of these records. Therefore, the magistrate judge abused her discretion in dismissing this claim as frivolous. See Norton v. Dimazana, 122 F.3d 286, 291 (5th Cir. 1997). Accordingly, the magistrate judge's judgment dismissing Kittelson's claims against Drs. Nafrawi and Peck and Nurse Horsley that he was delayed and denied medical care from September 20, through November 2, 2001, is VACATED and the case is REMANDED to the district court for further proceedings consistent with this opinion.

Kittelson's claim that his receipt of other inmates' medication was negligent, medical malpractice, and illegal is not sufficient to establish deliberate indifference. See Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991). Therefore, the magistrate judge's judgment dismissing this claim is AFFIRMED.

Finally, this court will not consider Kittelson's claims raised for the first time on appeal that (1) inmates housed in the French M. Robertson Unit infirmary are treated differently than those at Hendricks Hospital in violation of the Fourteenth Amendment's Equal Protection Clause and (2) prison officials illegally went through and confiscated his legal materials on September 11, 2003.  See Leverette v. Louisville Ladder Co., 183 F.3d 339, 342 (5th Cir. 1999).

AFFIRMED IN PART; VACATED AND REMANDED IN PART.