United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 6, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-11250
Summary Calendar
_____

BRUCE KITTELSON,

Plaintiff-Appellant,

versus

MD ADEL NAFRAWI; ET AL.,

Defendants,

MD ADEL NAFRAWI; MD STEPHEN PECK; KAREN HORSLEY, LVN,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:02-CV-93
--------------------

Before SMITH, WIENER, and OWEN, Circuit Judges.

PER CURIAM:[*]

Bruce Kittelson, Texas prisoner # 818614, filed a 42 U.S.C. § 1983 complaint against numerous prison officials alleging that they had been deliberately indifferent to his serious medical needs. Kittelson's complaint was dismissed as frivolous. We affirmed that dismissal in large part. Kittelson v. Nafrawi, 112 Fed. App'x 946, 947 (5th Cir. 2004). However, we vacated and remanded the case for further proceedings on Kittelson's claims

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

against Dr. Adel Nafrawi, Dr. Stephen Peck, and Nurse Karen Horsley that he was delayed and denied medical care from September 20 through November 2, 2001. Id. at 947-48.

On remand, the factual issues were further narrowed through a partial grant of summary judgment, and the case proceeded to a jury trial. The case against Horsley was dismissed pursuant to a FED. R. CIV. P. 50 motion for judgment as a matter of law. The jury determined that neither Nafrawi nor Peck had been deliberately indifferent to Kittelson's serious medical needs. Kittelson now appeals.

Kittelson argues that he was denied his constitutional right of access to the courts when he was separated from his legal materials for a significant portion of the two-month period before his trial. Despite this hardship, Kittelson was able to prepare and transmit necessary legal documents to the court to further the prosecution of his case. Thus, he was not denied meaningful access to the courts. See Lewis v. Casey, 518 U.S. 343, 351, 355 (1996); Brewer v. Wilkinson, 3 F.3d 816, 821 (5th Cir. 1993).

Kittelson contends that the district court should have allowed him to amend his complaint after remand to reinstate his claims against those defendants that had already been dismissed from the suit. Kittelson's amendment was beyond the scope of the remand. See Henderson v. Stalder, 407 F.3d 351, 354 (5th Cir. 2005), cert. denied, 126 S. Ct. 2967 (2006). Furthermore, given

that this court had already affirmed the dismissal of those defendants and given the late hour at which Kittelson filed his motion to amend, the district court did not abuse its discretion in denying that motion.  See Ellis v. Liberty Life Assurance Co., 394 F.3d 262, 268 (5th Cir. 2004).

Kittelson argues that the district court erred in denying his motions for the appointment of counsel.  The issues on remand were sufficiently narrow, and this case was not particularly complex.  Kittelson has amply demonstrated that he was capable of adequately investigating and presenting his case.  There was no abuse of discretion.  See Cupit v. Jones, 835 F.2d 82, 86 (5th Cir. 1987); Ulmer v. Chancellor, 691 F.2d 209, 212 (5th Cir. 1982).  Finally, the district court did not abuse its sound discretion in denying Kittelson's motions for discovery on remand in view of the defendants' assertion of the defense of qualified immunity.  See Tarver v. City of Edna, 410 F.3d 745, 752 (5th Cir. 2005); Richardson v. Henry, 902 F.2d 414, 417 (5th Cir. 1990).

AFFIRMED.