IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 14, 2008

Charles R. Fulbruge III
Clerk

No. 06-10281
Summary Calendar

ALFRED TREJO

Plaintiff - Appellant

v.

DONALD L. COMPTON; ET AL

Defendants

DONALD L. COMPTON, Vocational Instructor

Defendant - Appellee

Appeal from the United States District Court
for the Northern District of Texas
5:04-CV-80

Before HIGGINBOTHAM, BARKSDALE, and ELROD, Circuit Judges.

PER CURIAM:[*]

Alfred Trejo, a Texas prisoner, appeals the district court's judgment as a matter of law[1] against his 42 U.S.C. § 1983 claim. Trejo had brought suit

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] FED. R. CIV. P. 50.

against Compton, a prison vocational instructor, claiming that a table router accident in carpentry class that left him with severed fingers was caused by Compton's deliberate indifference to his safety.

Trejo first argues that the district court erred in denying his request for appointment of counsel. A trial court is not required to appoint counsel for an indigent plaintiff asserting a claim under 42 U.S.C. § 1983 unless the case presents exceptional circumstances.[2] The district court, in a written order, considered the factors for determining whether to appoint counsel in this case and its decision was not an abuse of discretion. Accordingly, the district court's denial of Trejo's request for counsel is AFFIRMED.

Regarding Trejo's appeal from the district court's judgment as a matter of law, we cannot conduct the proper de novo review[3] without a copy of the transcript of the trial proceedings. We have held that "[t]he failure of an appellant to provide a transcript is a proper ground for dismissal of the appeal."[4] However, in that case the court noted that the appellant, after the district court denied his motion for a transcript, did not reurge the motion with this court.[5] Here, in contrast, Trejo did reurge his request for the transcript at the Government's expense with this court. We denied his request, finding the trial transcript was not necessary for Trejo's preparation of his brief. It is now plain that the transcript is necessary.

---

[2] Ulmer v. Chancellor, 691 F.2d 209, 212 (5th Cir. 1982).

[3] See Price v. Marathon Cheese Corp., 119 F.3d 330, 333 (5th Cir. 1997) ("We review the district court's decision to grant judgment as a matter of law de novo, applying the same legal standard as the district court.").

[4] Richardson v. Henry, 902 F.2d 414, 416 (5th Cir. 1990).

[5] Id. at 416.

Accordingly, we ORDER that the transcript be provided to Trejo at the Government's expense and allow both Trejo and Compton time to file briefs prepared with the benefit of the transcript.