# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 27, 2011

No. 09-11196
Summary Calendar

Lyle W. Cayce
Clerk

IRIS WYNN; LEROY P. MITCHELL,

Plaintiffs–Appellants,

YVONNE TAYLOR,

Appellant,

v.

THE DALLAS HOUSING AUTHORITY,

Defendant–Appellee.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:03-CV-1997

Before WIENER, PRADO, and OWEN, Circuit Judges.

PER CURIAM:[*]

In this breach of contract case, Leroy P. Mitchell appeals from the district court's grant of summary judgment and a jury verdict in favor of the Dallas Housing Authority (DHA). As explained below, Iris Wynn and Yvonne Taylor

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-11196

are named as appellants, but are not properly parties to this appeal. This court has previously granted the appellees' motion to strike portions of documents improperly included in the appellants' record excerpts and motions to remove appellants by several originally named defendant-appellants. We have also denied the appellees' motion to appoint counsel. We now affirm the district court's summary judgment for the DHA. We also dismiss Mitchell's appeal of all other issues.

## I

Mitchell and other original plaintiffs in this case, including Wynn, were landowners and managers for properties that participated in the DHA Section 8 Housing Program (program). Under the program, eligible families applied for aid from the United States Department of Housing and Urban Development (HUD), administered by the DHA, to pay a portion of their rent for existing housing owned by private individuals. The DHA entered into contracts with the landlords to pay the balance of rent for those families deemed eligible.

Mitchell and other plaintiffs originally alleged multiple causes of action against the DHA, HUD, Carolyn Stovall, individually and as Director of Landlord Services for DHA, Carlos Ontiverous, individually and as Special Agent for HUD, and the City of Dallas. The plaintiffs subsequently filed a "First Amended Complaint," listing only Mitchell and Michael T. Booty as plaintiffs. The district court granted the defendants' motions to dismiss, allowing only the breach of contract claim against the DHA to proceed.

The district court later granted summary judgment to the DHA on the breach of contract claims regarding some of the properties at issue. The breach of contract claims on the remaining properties were tried before a jury. The jury found in favor of the DHA on the claims regarding all but one of Mitchell's properties. This appeal arises from the final judgment in the case issued by the United States District Court for the Northern District of Texas. The court

No. 09-11196

permitted the plaintiffs' attorney to withdraw after the final judgment was entered. This *pro se* appeal followed.

## II

We agree with the DHA that Wynn and Taylor are improperly named as appellants in this case because they do not have standing to appeal. Wynn was named as a plaintiff in the original complaint, but was thereafter dropped as a plaintiff in the First Amended Complaint filed by the remaining plaintiffs. The First Amended Complaint superseded the original complaint, and neither referred to, adopted, nor incorporated by reference the original complaint.[1] Therefore, Wynn abandoned her claims before any action on them was taken by the district court. Taylor was never a named party in the suit; she therefore has no standing to assert claims in this appeal. Neither Wynn nor Taylor have demonstrated that they have preserved any claims for appeal or that they are entitled to appeal from the district court's final judgment.[2] We will therefore address only those claims attributable to appellant Mitchell.

We must also address the DHA's argument that Mitchell's disregard for both the Federal Rules of Appellate Procedure and this court's rules compel dismissal of the appeal. The DHA contends that Mitchell has failed to follow the applicable rules of procedure by failing to (1) provide a transcript of trial proceedings; (2) file a statement of the issues presented on appeal; and (3) cite, in his brief, the authorities and parts of the record on which he relies. We will address these contentions along with Mitchell's substantive claims, as they are intertwined.

---

[1] *See King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994) (per curiam) ("An amended complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading.").

[2] *See* 28 U.S.C. § 1291.

3

No. 09-11196

### III

Mitchell argues that the district court erred in granting summary judgment to the DHA on his breach of contract claims. The district court granted summary judgment to the DHA regarding all but ten of Mitchell's properties at issue in the case. The DHA argues the appeal should be dismissed for failure cite to the portions of the record on which Mitchell relies. Though we have considered waived arguments for which the appellant failed to cite to the parts of the record and authorities on which he relied,[3] we generally read the briefs of *pro se* litigants liberally.[4] We thus address the substance of the appeal of the summary judgment to the extent possible.

We review the district court's grant of summary judgment de novo.[5] Summary judgment is only appropriate if the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[6] The court must view all evidence and draw all inferences from the evidence in the light most favorable to the party opposing the motion.[7] After the moving party has made an initial showing, the nonmoving party must come forward with competent summary judgment evidence of the existence of a genuine fact issue.[8] Mere assertions of a factual dispute unsupported by probative evidence will not prevent summary judgment,[9] and "in the absence of

---

[3] *E.g.*, *Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993) (citing FED. R. APP. P. 28(a)(4)).

[4] *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995) (per curiam).

[5] *Freeman v. Tex. Dep't of Criminal Justice*, 369 F.3d 854, 859 (5th Cir. 2004).

[6] FED. R. CIV. P. 56(a).

[7] *Cuadra v. Houston Indep. Sch. Dist.*, 626 F.3d 808, 812 (5th Cir. 2010).

[8] *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986).

[9] *Abbot v. Equity Grp., Inc.*, 2 F.3d 613, 619 (5th Cir. 1993).

No. 09-11196

any proof," we do not "assume that the nonmoving party could or would prove the necessary facts."[10]

We read Mitchell's brief to appeal the summary judgment in favor of the DHA on only the following properties: 627 Cove Hollow, 4926 Crozier, 2511 Sylvan, and 2513 Sylvan. Mitchell asserts a "due process" claim that the district court improperly denied his request during the summary judgment stage to "consider the fact that [he] had been and [was] still attempting to retrieve" documents that had been subpoenaed in a previous case but allegedly not returned. In light of Mitchell's failure to reference any particular error by the district court, provide record citations for the claim, preserve the claim for appeal, or provide legal authority for the claim, Mitchell has waived the due process claim.[11]

The district court's written orders granting summary judgment and then later, on Mitchell's request, reviewing the order, point to specific evidence in the summary judgment record in support of the summary judgment. Mitchell specifies no summary judgment evidence in the record and identifies no proof to support his vague assertions that the district court erred in granting summary judgment to the DHA. We generously read Mitchell's brief to point to what he refers to as "Restricted Document #172 on PACER" as containing evidence responding to the DHA's showing of no genuine dispute of material fact. Upon review of this document, which is included in the record but to which Mitchell fails to provide citation, we conclude that Mitchell did not provide evidence of the existence of a genuine dispute of material fact that required a jury trial.

---

[10] *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam) (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)).

[11] *See Yohey v. Collins*, 985 F.2d 222, 224-25, 226 (5th Cir. 1993).

No. 09-11196

**IV**

Mitchell also appears to argue that the evidence supporting the jury verdict for the DHA on ten of the properties at issue was insufficient.  To the extent that this argument is presented, we dismiss the appeal of this issue for two reasons.  First, Mitchell failed to file a transcript of the trial proceedings. Federal Rule of Appellate Procedure 10 requires an appellant who "intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the evidence" to "include in the record a transcript of all evidence relevant to that finding or conclusion."[12]  Though a dismissal for failure to include a transcript is within our discretion,[13] and we generally liberally read the briefs of *pro se* litigants,[14] we cannot review the sufficiency of the evidence presented at trial without evidence in the record of what was presented at trial.[15] Second, Mitchell failed to file a motion for judgment as a matter of law[16] during the trial, thereby waiving his right to challenge the sufficiency of the evidence on appeal.[17]  Because of the absence of a trial transcript, we cannot perform any review—plain error or otherwise—of the sufficiency of the evidence in this case.[18]

---

[12] FED. R. APP. P. 10(b)(2).

[13] *RecoverEdge L.P. v. Pentecost*, 44 F.3d 1284, 1289 (5th Cir. 1995).

[14] *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995).

[15] *See Richardson v. Henry*, 902 F.2d 414, 415-16 (5th Cir. 1990) (dismissing an appeal of the sufficiency of the evidence supporting the district court's judgment because the appellant "failed to include in the record a transcript of the testimony which constitutes most of the evidence" in the case).

[16] *See* FED. R. CIV. P. 50(a).

[17] *See Navigant Consulting, Inc. v. Wilkinson*, 508 F.3d 277, 288 (5th Cir. 2007) ("Generally, a party who fails to present a Rule 50(a) motion on an issue at the close of evidence waives . . . its right to challenge the sufficiency of the evidence on appeal.").

[18] *See Lincoln v. Case*, 340 F.3d 283, 290 (5th Cir. 2003) (reviewing the sufficiency of the evidence argument for plain error in a case in which the appellant failed to file a Rule 50(a) motion at trial).

No. 09-11196

**V**

In his list of "Questions Presented," Mitchell also appears to appeal evidentiary rulings made by the district court.  Mitchell has waived any challenge he may have had regarding these rulings.  There is no evidence in the record of written objections Mitchell made to DHA's evidence.  There is also no evidence in the record of exhibits Mitchell submitted to the jury that would support his arguments concerning specific properties on which he claims the court erred in its evidentiary rulings.  In addition, Mitchell's "failure to provide this court with a transcript precludes us from determining whether he made appropriate objections to the district court's evidentiary rulings."[19]  We do not consider arguments that were not presented to the district court.[20]

**VI**

Mitchell's statement that his trial counsel was "inaccurate" at trial seems to present a claim of ineffective assistance of counsel.  As there is no Sixth Amendment right to counsel in a civil trial, the ineffective assistance claim is not an appealable issue.[21]

\*       \*       \*

We AFFIRM the district court's partial summary judgment for the DHA, and we DISMISS the appeal to the extent that it raises other issues.

---

[19] *Richardson*, 902 F.2d at 416.

[20] *Kirschbaum v. Reliant Energy, Inc.*, 526 F.3d 243, 257 n.15 (5th Cir. 2008) (citing *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1071 n.1 (5th Cir. 1994)); *see Richardson*, 902 F.2d at 416.

[21] *Fed. Trade Comm'n v. Assail, Inc.*, 410 F.3d 256, 267 (5th Cir. 2005) (citing *Sanchez v. U.S. Postal Serv.*, 785 F.2d 1236, 1237 (5th Cir. 1986) (per curiam)).