# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

August 21, 2014

Lyle W. Cayce
Clerk

No. 13-10293
Summary Calendar

BENNY FALCON,

Plaintiff-Appellant

v.

TYLER HOLLY, Correctional Officer III,

Defendant-Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:09-CV-66

Before KING, JOLLY, and PRADO, Circuit Judges.

PER CURIAM:[*]

Benny Falcon, Texas prisoner # 664986, appeals the jury verdict in his 42 U.S.C. § 1983 action, in which the jury found that Tyler Holly did not use excessive force against Falcon. Falcon argues that Holly, acting under the authority of the State, intentionally failed to follow appropriate use of force procedures, that Holly's actions caused Falcon's injuries, and that Falcon's damages could have been avoided if Holly had followed the procedures of the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-10293

Texas Department of Criminal Justice.  Falcon further asserts that the district court erred in granting a summary judgment in favor of Holly.

The district court previously granted a summary judgment in favor of Holly.  This court vacated the judgment and remanded the case for further proceedings.  On remand, the district court held a jury trial, and the jury found that Holly did not use excessive force maliciously or sadistically to cause harm.  Falcon does not challenge the jury's verdict or identify any errors by the district court during the trial proceedings on remand.  Although pro se briefs are afforded liberal construction, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), even pro se litigants must brief arguments in order to preserve them, *Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).  Because Falcon has failed to identify any error in the trial proceedings on remand, any issues concerning the trial proceedings are deemed abandoned.  *See Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

Further, Falcon has failed to provide a transcript as required by Rule 10 of the Federal Rules of Appellate Procedure.  *See* FED. R. APP. P. 10(b); *see Powell v. Estelle*, 959 F.2d 22, 26 (5th Cir. 1992), *superseded by statute on other grounds as stated in Diaz v. Collins*, 114 F.3d 69 (5th Cir. 1997).  We have the discretion to dismiss an appeal if the appellant fails to provide a transcript. *See RecoverEdge L.P. v. Pentecost*, 44 F.3d 1284, 1289 (5th Cir. 1995) (quoting *Richardson v. Henry*, 902 F.2d 414, 416 (5th Cir. 1990) (dismissing appeal based on sufficiency of the evidence because appellant failed to include a transcript)).  It is not possible for this court to review the jury's verdict without the trial transcript.  Because Falcon has failed to produce the transcript of the trial, we decline to review the jury's verdict.  *See Richardson*, 902 F.2d at 415-16.  The district court's judgment is AFFIRMED.  Falcon's motion for appointment of counsel is DENIED.