**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-3881
_____

ALPHONSO SANDERS; STEVE STEWART; YUL B. HAYWARD; ANTHONY
WILLIAMS; MIKAL ROBERTS; LAMONT C. BULLOCK; GEORGE L. ORTIZ;
DWIGHT BOWEN; BENNIE TABB, III; CHRISTOPHER STEVENSON; ANDRE
ROBINSON; JOHN DIAZ*

v.

SECRETARY PENNSYLVANIA DEPARTMENT OF CORRECTIONS; PAUL
SMEAL; F.R. ROYER; ART VARNER; WILLIAM FELTON; JAMES FOUSE; TIM
GREENLAND; BILL FLICK; BILL NOVELL; WILLIAM DREIBELBIS; CHIEF
GRIEVANCE COORDINATOR; JOHN PALAKOVICH; KORMANIC; ECKARD; R.
HANNAH; DORINA VARNER; KRISTEN RESISINGER; CINDY G. WATSON;
LISA HOLLIBAUGH; GEORGE WEAVER; RONALD LONG; SHARON BURKS;
MARY ANN MORDER; RICHARD HEASTER; FRANK CAMPOPIANO; TIM
MCCAWLEY; PHILLIP DUCK

Dwight Bowen,
Appellant

*(Amended per Clerk's Order of June 25, 2014)
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 3-09-cv-01384)
District Judge: Honorable A. Richard Caputo

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 23, 2014

Before: FUENTES, SHWARTZ and ROTH, Circuit Judges

(Opinion filed: February 11, 2015)

_____

OPINION[*]

_____

PER CURIAM

Dwight Bowen, proceeding pro se, appeals from orders of the United States

District Court for the Middle District of Pennsylvania granting the defendants' pre-trial

motion in limine and entering judgment on the jury's verdict in favor of the defendants.

We will affirm.

The parties are familiar with the facts, so we will only briefly revisit them here. In

2009, Bowen, along with several other Pennsylvania inmates, filed a civil rights suit,

alleging that prison officials at SCI-Smithfield were deliberately indifferent to their

serious medical needs and subjected them to unconstitutional conditions of confinement.

The defendants filed a motion in limine, seeking to exclude evidence based on the

plaintiffs' failure to exhaust administrative remedies.[1]  The District Court granted in part

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] There is no merit to Bowen's claim that the District Court erred by permitting the defendants to raise failure to exhaust in their motion in limine.  See Ray v. Kertes, 285 F.3d 287, 295 (3d Cir. 2002) (holding that failure to exhaust is an affirmative defense to be pleaded by the defendant); see also Drippe v. Tobelinski, 604 F.3d 778, 781 (3d Cir. 2010) ("We decline to read a strict timing requirement into the PLRA for prosecution of the affirmative defense of failure to exhaust.").  "The purpose of requiring the defendant to plead available affirmative defenses in his answer is to avoid surprise and undue

2

the motion in limine, which, as relevant here, had the effect of dismissing Bowen's claim

that an inadequate ventilation system caused various ailments.[2]  The case proceeded to a

three-day jury trial on the remaining claims against the remaining defendants.  The jury

returned a verdict in favor of the defendants, and judgment was entered in their favor.

The plaintiffs timely appealed.[3]

---

prejudice by providing the plaintiff with notice and the opportunity to demonstrate why the affirmative defense should not succeed." Robinson v. Johnson, 313 F.3d 128, 134-35 (3d Cir. 2002) (citing Blonder-Tongue Labs., Inc. v. Univ. of Ill. Found., 402 U.S. 313, 350 (1971)).  That purpose was served here.  The defendants initially asserted failure to exhaust as an affirmative defense in their answer to the complaint.  After the defendants filed their motion in limine, the District Court granted the plaintiffs' request for an extension of time within which to respond.  Despite this extension, Bowen did not file a response.  The District Court held a hearing to determine whether the plaintiffs had properly exhausted their administrative remedies.


[2] Insofar as the District Court's order granted the motion in limine by ruling on a matter of law using evidence outside the pleadings, its decision is akin to an order granting a motion for summary judgment.  As noted above, see footnote 1, *supra*, the plaintiffs were provided with a reasonable opportunity to present pertinent evidence.  Cf. Fed. R. Civ. P. 12(d).  We note that we would affirm the District Court's decision even under de novo review.  Compare Forrest v. Beloit Corp., 424 F.3d 344, 349 (3d Cir. 2005) (reviewing resolution of motion in limine for abuse of discretion), with Burns v. Pa. Dep't of Corr., 642 F.3d 163, 170 (3d Cir. 2011) (stating that review of an order granting summary judgment is de novo).


[3] By Clerk's Order dated October 24, 2013, the plaintiffs/appellants whose names appeared on the notice of appeal were directed to personally sign a copy of the notice of appeal and return it to the Court, along with the docketing fee or a motion to proceed in forma pauperis.  The plaintiffs/appellants were notified that failure to do so within thirty days would result in dismissal from the matter without further notice pursuant to L.A.R. Misc. 107.2.  Only one plaintiff, Bowen, complied with the order; the remaining plaintiff/appellants were dismissed.  We have jurisdiction pursuant to 28 U.S.C. § 1291.

Under the Prison Litigation Reform Act ("PLRA"), inmates must exhaust their administrative remedies before filing a suit alleging specific acts of unconstitutional conduct by prison officials. 42 U.S.C. § 1997e(a). "[I]t is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." Jones v. Bock, 549 U.S. 199, 218 (2007). The Department of Corrections (DOC) has a three-step grievance process, which permits inmates to seek review of issues relating to their confinement. See DC-ADM 804. The regulations in place at the relevant time required:

> [a]n inmate appealing a grievance to final review [to be] responsible for providing the Secretary's Office of Inmate Grievances and Appeals [SOIGA] with all required documentation relevant to the appeal. A proper appeal to final review shall include photocopies of the initial grievance, initial review response, the inmate appeal to the Facility Manager, and the Facility Manager's decision. Failure to provide the proper documentation may result in the appeal being dismissed.

DC-ADM 804 § VI.D.1.g (2004).

Here, Bowen's final grievance appeal concerning the ventilation system (Grievance No. 270740) was initially rejected on June 10, 2009, because he had failed to provide copies of relevant documents from earlier in the grievance process, namely, a copy of his intermediate appeal to the Facility Manager. In response, Bowen submitted to SOIGA correspondence related to his grievances, but that correspondence did not include the requested documentation. Consequently, the "grievance was dismissed at final review on July 20, 2009, because Inmate Bowen did not provide SOIGA with the required documentation for proper review although he was reminded to do so." See Aff. of Grievance Review Officer Tracy Williams. ¶ 12, (Dist. Ct. Doc. No. 395-2). Bowen

did not dispute that he failed to provide the SOIGA with a copy of his intermediate grievance appeal.[4]  Accordingly, we conclude that Bowen failed to properly exhaust his administrative remedies concerning his claim that the ventilation system at SCI-Smithfield was inadequate.

Bowen also alleges that his requests for discovery were improperly denied.  We apply an "abuse of discretion standard when reviewing orders regarding the scope and conduct of discovery."  Petrucelli v. Bohringer and Ratzinger, 46 F.3d 1298, 1310 (3d Cir. 1995).  Here, Bowen filed several motions to compel discovery, all of which were denied because Bowen's discovery requests were either answered, not relevant or clear, overbroad, or sought information from defendants who had been dismissed from the case.  Bowen has not alleged any specific error in these conclusions, and he fails to identity discovery requests that went unanswered or evidence that was not produced.  In light of the discretion afforded to a District Court adjudicating discovery requests, we conclude that there was no error in the denial of Bowen's motions to compel discovery.

Finally, Bowen alleges that the District Court admitted into evidence "falsified official state documents."[5]  We are unable to evaluate this allegation without reviewing a

---

[4] We will not consider Bowen's assertion, raised for the first time in his Informal Brief, that "government interference" prevented him from exhausting his administrative remedies.  See Harris v. City of Philadelphia, 35 F.3d 840, 845 (3d Cir. 1994) (issues raised for the first time on appeal will not be considered).

[5] Bowen also claimed that the District Court prejudiced him by identifying him to the jury as a state prisoner.  But because Bowen's claims were based on allegedly unconstitutional conditions of confinement in prison, he necessarily had to be identified as an inmate.

5

transcript.  Bowen, who did not request that a transcript be provided at the government's expense, see 28 U.S.C. § 753(f), has not furnished a transcript, as required by Rule 10(b) of the Federal Rules of Appellate Procedure.  We require the transcript not only to assess the merits of Bowen's issues, but to determine whether he preserved them for appellate review.  It is the appellant's duty to arrange for the trial transcript, and we may dismiss an appeal if an appellant fails to do so.  See Fed. R. App. P. 3(a)(2); 10(b)(1); 3d Cir. L.A.R. 11.1; Richardson v. Henry, 902 F.2d 414, 416 (5th Cir. 1990) (dismissing appeal by inmate in civil rights action for failure to provide a transcript).  Bowen's failure to supply a transcript precludes review of challenges to evidentiary rulings.

For the foregoing reasons, we will affirm the District Court's judgment.